In re REA EXPRESS, INC., f/k/a Railway Express Agency, Inc., Bankrupt.

Bankruptcy No. 75 B 253.

United States Bankruptcy Court,
S. D. New York.

May 1, 1981.

Whitman & Ransom, Angel & Frankel, New York City, for trustee.

O'Donnell & Schwartz, New York City, for Non-Union Emp.

## MEMORANDUM & ORDER

JOHN J. GALGAY, Bankruptcy Judge.

Claimants Roger Melzer and Jasmine Melzer petition this Court to be named class representatives of all non-union employees of REA Express, Inc., f/k/a Railway Express Agency, Inc., (hereinafter "REA"). They do so for the purpose of confronting as a class the objections of the trustee in bankruptcy to the non-union employees' claims. During Chapter XI administration and after REA was adjudicated a bankrupt, approximately one thousand non-unionized employees filed claims in proceedings of this court for unpaid holiday pay, vacation pay and severance pay, together with a claim against a 10% wage reduction which the debtor in possession unilaterally imposed. The trustee has moved on grounds which it treats as dispositive of all non-union employee claims, to disallow, reduce and reclassify those claims. Claimants allege that since the trustee's application does not deal with claims of specific individuals, but rather with issues applying equally to claims of all non-union employees, and since these non-unionized employees have no means outside of retaining individual counsel to voice their views on these broad issues, the only effective way to defend their claims is through the use of the class action device. Claimants accordingly have petitioned this Court for class action certifica-

tion, asserting that the prerequisites for such status as set out in Rule 23 of the Federal Rules of Civil Procedure are satisfied. This Court grants class action certification.

■ Bankruptcy Rule 723 of Part VII incorporates without change FRCP Rule 23, governing class actions, for all adversary proceedings. Proceedings involving the filing of an objection to a claim, rather than the seeking of an affirmative money judgment or recovery of property, are not "adversary proceedings" as defined in Rule 701. See Advisory Committee Notes following Rule 701. Nevertheless, Rule 914, which governs "contested matters" such as claim objections, incorporates certain rules for adversary proceedings into the rules for contested matters and allows the court in its discretion to apply any of the Rules of Part VII, including 723, to a contested matter. The Advisory Committee Notes for Rule 914 outline the reasons for use of such discretion:

> Litigation of a particular dispute although not an adversary proceeding as defined in Rule 701, may become sufficiently serious and complicated to warrant the courts direction that the procedure be governed by rules that govern such proceedings.

This Court finds that the present matter merits such treatment.

Given the nature of the claims and objections concerned, it is clear that if the objections of the trustee are sustained, the non-union employees' claims will be disallowed, reduced or reclassified without any consideration of individual claims. It is only just that employees be empowered to respond to the general objections on a unified basis as well. Moreover, a unified response appears to be the only means by which all non-union employees may meaningfully participate in the objection hearings. In light of these factors and the trustee's lack of objection to the motion for class action status, this court finds Rule 723 applicable and subjects this matter to the scrutiny of FRCP 23 governing the preconditions for class action.

■ Under Rule 23(a) four prerequisites to class action must be fulfilled. First, the class must be so numerous that joinder of all members is impracticable. The class here involved consists of approximately one thousand non-union employees spread out across the country. It is clearly impractical to bring all of these claimants before this Court. Joinder is thus clearly inappropriate.

Second, Rule 23(a) requires questions of law or fact common to the class. This requirement is also easily satisfied. These employees worked under common terms and conditions. The merits of the case will turn on whether the debtor in possession expressly disaffirmed contracts and understandings. One issue in particular is whether the debtor in possession rejected the Industrial Relations Procedures Manual governing wages and working conditions vis a vis non-union employees. The trustee expressly admitted it would be an unnecessary and undue burden to object to each non-union employee's claim individually. (Trustee's Application § 19). It is thus clear that questions common to the claims and objections are at the center of this dispute.

The third requirement, that the claims or defenses of the representative parties be typical of the claims or defenses of the class, has been interpreted to require that the representatives not have interests antagonistic to or in conflict with those they represent. *Cannon v. Texas Gulf Sulphur Co.*, 47 F.R.D. 60, 63 (S.D.N.Y.1969). The claims of the Melzers are typical of both the larger and smaller claims which have been asserted. Roger Melzer a former director of Transportation Engineering and Jasmine Melzer, a former administrative manager and secretary to General Counsel, both claim severance pay, vacation pay, holiday pay and lost wages. The claims of all employees range from $500 to $12,000. Roger Melzer's claim which totals over $10,000, is typical of the larger size claims of the non-union employees whereas Jasmine Melzer's claim for approximately $1,800.00 is typical of the small size claims. Their interests, far from being antagonistic to those of the other employees, are fully representative of the employees' concerns, and favorable resolution of the issues underlying the Melzers' claims would be of significant benefit to all non-union employees.

The last prerequisite of 23(a), that the representative parties fairly and adequately protect the interests of the class, is met through demonstration that the class representatives have a sufficient stake in the lawsuit to see it through to its conclusion, *Jenkins v. General Motors Corp.*, 354 F.Supp. 1040, 1044 (D.Del.1973), and by demonstration that the action will be prosecuted vigorously through competent attorneys. *Herbst v. Able*, 47 F.R.D. 11, 15 (S.D.N.Y.1969). Claimants have clearly evidenced a satisfactory degree of interest under that standard. They have monitored these proceedings for over four years and have acquired experienced counsel.

In addition to fulfilling the prerequisites of class action set out above, a party must show satisfaction of one out of three additional standards set out in 23(b). Subsection (3) of 23(b) is applicable to this case. Under that standard, the Court must find that questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Since the trustee filed broad objections to the employees' claims on grounds generally applicable to them as a class, and since, if the trustee prevailed, all claims would be disallowed without reference to individual circumstances, it is clear that general issues predominate in this action. In fact the only individual aspects of these claims is the question of amount to be paid each individual should the employees prevail. Furthermore, if class action is not granted, each individual plaintiff would be forced to appear and comment on the manner in which the trustee's general objections touch upon his or her claim. Other than through the use of class action there is no means for the employees to present a single coherent voice with impact equal to the trustee's general objection to their claims.

No additional administrative difficulties would be occasioned by the use of class action in this case. All interested parties have already filed their claims in this action on an individual basis. The extent of the class is thus fixed and its members are known.

In view of the clear appropriateness of class action for this case under the standards enunciated in FRCP 23, this Court grants class action certification and names Roger Melzer and Jasmine Melzer as class representatives of all non-union REA employees.

This Court directs that claimants give proper notice to all class members of class representative status as is required by FRCP 23(c), subsection (2).

It is so ordered.