**In re JOHNS-MANVILLE CORPORATION, et al., Debtor.**

**The DADE COUNTY SCHOOL DISTRICT, et al., Plaintiffs,**

v.

**JOHNS-MANVILLE CORPORATION, et al., Defendants.**

**Bankruptcy Nos. 82 B 11656 through 82 B 11658, 82 B 11660 through 82 B 11662 and 82 B 11665.**
**Adv. No. 85–5073A.**

United States Bankruptcy Court, S.D. New York.

Sept. 26, 1985.

Levin & Weintraub & Crames, New York City (Michael J. Crames, Herbert S. Edelman, New York City, of counsel), Davis, Polk & Wardwell, New York City (Miriam G. Cedarbaum, Stephen Case, Sharon Katz, New York City, of counsel), for debtors.

Fried, Frank, Harris, Shriver & Jacobson, New York City (Matthew Gluck, New York City, of counsel), for Leon Silverman, Legal Representative.

Milbank, Tweed, Hadley & McCloy, New York City (John J. Jerome, John Gellene, New York City, of counsel), for Creditors Committee.

Latham & Watkins, New York City, (Robert J. Rosenberg, New York City, of counsel), Moses & Singer, New York City (Richard Brewster, New York City, of counsel), for Asbestos plaintiffs.

Hahn & Hessen, New York City (Herbert Ash, Eileen Blake, New York City, of counsel), for Equity Sec. Holders.

Cornelius Blackshear, New York City (Harold Jones, New York City, of counsel), U.S. Trustee.

Whitman & Ransom, New York City (Robert Dremluk, New York City, of counsel), for U.S. Trust Co. of N.Y.

Wolf, Popper, Ross, Wolf & Jones, New York City (Ellen Chapnick, New York City, of counsel), David Berger, Philadelphia, Pa., for Schools Committee.

*Decision and Order Dismissing Class Action Adversary Proceeding*

BURTON R. LIFLAND, Bankruptcy Judge.

On January 31, 1985, the bar date for filing proofs of claim for asbestos-related property damage, the Creditors Committee for Asbestos-Related Property Damage School Claimants ("Schools Committee") filed a so-called "class" proof of claim on behalf of all schools and school districts in the United States ("school claimants"). Of the approximately 42,500 school districts in the United States, about 5,000 had timely filed individual claims pursuant to this Court's bar order. By filing this "class" proof of claim, the Schools Committee has attempted, by an act of prestidigitation, to materialize some 37,500 entities into these proceedings as putative creditors despite their failure to file, acknowledge or press individual claims.

Simultaneously, the Schools Committee commenced this self-styled class action adversary proceeding against the debtor, Johns-Manville Corporation ("Manville"), for damages and injunctive relief.[1] By taking these steps, the Schools Committee sought to do for its constituency what most of its membership had failed to do for themselves—present their individual property damage claims for adjudication rather than have each barred as untimely pursuant to Bankruptcy Rule 3003.

---

1. The class is defined as: "all entities which own or operate in whole or in part any public *educational facilities, as defined in* ¶ 198(a)(10) of the Elementary and Secondary Education Act of 1965, 20 U.S.C. § 2854, throughout the United States, excluding the New York City School District, the Los Angeles Unified School District, the City of Chicago School District, the Detroit City School District, the District of Columbia Public Schools, the Baltimore School District, the Cleveland School District, and the Cincinnati School District; and all entities which own or operate in whole or in part any nonpublic, non-

profit elementary or secondary educational facilities, including entities with religious affiliations, in the United States, to the extent that such non-profit entities are owned or operated by one or more non-profit corporations or associations no part of the net earnings of which inures, or may lawfully inure, to the benefit of any private shareholder or individual." The public school districts specifically excluded from the class are excluded because their counsel have expressly advised the Schools Committee that it is not authorized to represent them.

Two interrelated issues are thus presented for decision: 1) whether under any circumstances a class proof of claim may be filed in a bankruptcy case; and 2) whether a class action adversary proceeding may be commenced in the bankruptcy court seeking various forms of relief on behalf of entities who have not timely filed individual proofs of claim. The resolution of these issues will determine whether certain school claimants may share in the Manville estate despite their failure to timely file individual proofs of claim or otherwise participate in this reorganization.

## I. *Facts*

On August 26, 1982 Manville filed a voluntary petition for reorganization under Chapter 11 of Title 11 of the Bankruptcy Reform Act of 1978 ("the Code"). Prior to that date, Manville had been involved as a defendant in actions by schools and school districts seeking damages and equitable relief including mandatory injunctive relief arising out of asbestos-related property damage. Pursuant to Code § 1109(b), the Schools Committee was formed on September 29, 1982 to represent public and private schools and school districts with claims against Manville for asbestos-related property damage. All such actions were stayed by the filing of the petition.

Pursuant to Code § 1109(b),[2] the Schools Committee was formed on September 29, 1982 to represent public and private schools and school districts with claims against Manville for asbestos-related property damage. The Committee sent a letter to each potential school claimant advising it of the reorganization proceeding, its potential right to assert a claim against Manville, and the formation of the Committee. Thereafter, the Schools Committee negotiated with Manville to develop procedures to resolve the schools' claims, and assisted Manville in the preparation of a special proof of claim form for property damage claimants. The Schools Committee also

participated in formulating the notice procedure for property damage claims that included direct mail notification to individual school claimants.

The bar date for all property damage claims was initially established as October 31, 1984 after notice was given and a hearing held as provided for in § 102(1). The bar order provided that all "claimants including individuals, partnerships, corporations, estates, trusts, and governmental units" who failed to file proofs of claim by that date would be "forever barred from asserting such claim[s] against the debtors," and would not be treated as creditors of Manville for the purposes of voting on, and distribution under, any plan of reorganization. *See* Order Fixing Bar Date for the Filing of Certain Proofs of Claims, July 16, 1984.

After entry of the original bar order, the Schools Committee provided Manville with a list of approximately 42,500 schools across the country. Manville mailed a special proof of claim form to each of the schools on the list. *See* Affidavit of Dennis H. Markusson in Support of Manville's Motion to Dismiss, dated February 27, 1985, at ¶ 7. In addition, Manville mailed special proof of claim forms to each of 886 schools which had specifically requested them. Notice of the bar date was also published in the fifty largest circulation newspapers in the country, the largest circulation newspaper in each state, the largest circulation newspapers in the major metropolitan areas of Canada and in miscellaneous trade publications.

On October 17, 1984, the Schools Committee moved for a ninety day extension of the bar date to January 31, 1985. This Court granted the motion, based in large part on the Schools Committee's undertaking to mail notice of the extension to school claimants. The Schools Committee's application acknowledged that "the Schools

---

**2.** Code § 1109(b) provides:
A party in interest, including the debtor, the trustee, a creditor's committee, an equity security holders' committee, a creditor, an equi-

ty security holder, or any indenture trustee, may raise and may appear and be heard on any issue in any case under this chapter.

Committee believes that the notice procedures described herein are reasonably calculated to provide all school claimants with notice of the extension of the bar date and the need to file proofs of claim by January 31, 1985, and further believes that such notice is reasonable and adequate under the circumstances." [3] Schools Committee's Motion for Order Extending Bar Date for Asbestos-Related Property Damage School Claimants, at ¶ 15. Subsequently, the Schools Committee and Manville provided notice of the extended bar date to each individual school claimant by mail. In addition, the Schools Committee established a "WATS" line so that claimants could request proof of claim forms and receive telephonic assistance in completing them. The claim form, which was made a part of the bar order, was intended to elicit information from individual claimants to enable Manville and the other parties in interest to the reorganization to calculate the exact number of property damage claims and the total dollar amount of those claims.

Despite the clearly appropriate efforts of Manville and the Schools Committee to provide adequate notice of the bar date to all potential school claimants, Manville estimates that by January 31, 1985, the extended bar date, only 5000 school claimants had actually filed individual property damage claims against Manville.[4] On that date, the Schools Committee filed a proof of claim form on behalf of a "class" represented by the named plaintiff schools and school claimants. The *same* underlying relief is sought in *both* the "class" proof of claim

and the complaint which was simultaneously filed against Manville. The "Class Action Complaint for Damages and Equitable Relief" alleges, *inter alia*, that the presence of asbestos in class members' schools contaminated the schools and rendered them unfit for use because of the potential for personal injury from inhalation of asbestos. The class action is grounded in negligence, strict liability, breach of warranty, conspiracy, and intentional tort. In addition to damages, the class seeks equitable relief in the form of restitution and a mandatory injunction requiring Manville to perform a variety of asbestos abatement and monitoring procedures.

Manville has moved to dismiss the class action on essentially two grounds. First, Manville asserts that both the Bankruptcy Rules ("Rules") and the bar order signed by this Court required each entity alleging a property damage claim to file an individual proof of claim by the bar date. No leave was sought or granted by the Court for the filing of a class proof of claim; nor is there any authority for such a filing. Thus, according to Manville, the class proof of claim failed to establish the school claimants as creditors of Manville for purposes of voting and distribution, and those members of the class who failed to timely file individual proofs of claim are barred from asserting any claims against Manville by virtue of their noncompliance with the bar order.

Second, Manville argues that even if the class were limited to those schools which

---

**3.** The Application stated, in paragraph 11, that: Since notice of the extension of the bar date for schools claimants should be given to the public and private schools and school districts throughout the United States, the Schools Committee believes it would place an undue burden on the clerk of this Court if the clerk were directed to notify all those affected by the [order extending the bar date]. Therefore, the Schools Committee will assume responsibility to provide notice of the extension of the bar date as directed by the Court. In its application the Schools Committee also proposed to send notice of the extension, by mail, to all public and private schools and school districts appearing on the National Center for Educational Statistics, United States De-

partment of Education's computer printouts, which had been filed with the court. In addition, the Schools Committee proposed to send notices to 12 school organizations, associations, and publications.

**4.** It has been freely acknowledged and recognized that the failure of many schools and school districts to file claims in these proceedings is conscious and deliberate and is attributable in no small measure to the reticence of a large number of school authorities to call attention to the problems of identification and acknowledgement of an undesirable asbestos problem with its attendant financial and other consequences.

timely filed proofs of claim, a "class-action" adversary proceeding is an inappropriate vehicle to adjudicate individual claims. Manville argues that disputes over the value of filed claims should be adjudicated only after such claims have been objected to in the context of a contested matter.

For the reasons enumerated below, the Court holds that this adversary proceeding may not be maintained. Therefore, Manville's motion to dismiss is granted.

## II. *Discussion*

### A. *Class Proofs of Claim are not Allowable in Bankruptcy Proceedings*

■ The Code sections governing the filing of a proof of claim are § 501, which permits creditors to file proofs of claim in a bankruptcy proceeding, and § 1111, which provides that a proof of claim is deemed filed under § 501 for any claim scheduled by the debtor.

The procedure for filing proofs of claim is set forth in the Bankruptcy Rules. Rule 3003, applicable in Chapter 11 cases states, in pertinent part, that:

> Any creditor ... whose claim or interest is not scheduled or scheduled as disputed, contingent, or unliquidated shall file a proof of claim or interest within the time prescribed by subdivision (c)(3) of this rule; and any creditor who fails to do so shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution.

> .    .    .    .    .

> The court shall fix the time within which proofs of claim or interest may be filed.

R. 3003(c)(2) and (3). Thus, Rule 3003 imposes a "bar date" by which time creditors must file proofs of claim or they will be precluded from participating in the reorganization proceedings.[5]

In the case at bar, a large number of the school claimants did not timely file individual proofs of claim, although they were given actual and constructive notice of the bar date. Consequently, Rule 3003 bars them from asserting their claims or otherwise participating as creditors in the Manville reorganization. The Schools Committee nevertheless asserts that by virtue of its timely filed class proof of claim, the school claimants' claims have been safely interposed. This Court disagrees.

With the one exception of § 501(a), which is discussed below, the Code and the Rules contain no express provisions for the filing of a class proof of claim. Indeed, Rule 3001 provides that each proof of claim must be executed by the *creditor* or *his authorized agent. See In re Grocerland Cooperative, Inc.,* 32 B.R. 427, 436 (Bankr. N.D.Ill.1983). In these proceedings, the Schools Committee has not at any time asserted that it received the authority to act as agent for any of these putative claimants, so it is evident that the class proof of claim fails on this ground alone. The Schools Committee, however, obdurately argues that a class proof of claim may be filed because it is not expressly prohibited by statute. Such a construction of the Code is erroneous.

Congress' awareness of the class proof of claim concept is demonstrated in Code § 501(a), which expressly permits an indenture trustee to file a class proof of claim. *See* H.R.Rep. No. 595, 95th Cong., 1st Sess. 351 (1977); S.Rep. No. 989, 95th Cong., 2d

---

**5.** The purpose of a bar date is to provide "a definitive cut-off date past which claims may not be filed," *In re Mellen,* 287 F.2d 37, 38 (3d Cir.1961), (quoting *In re Supernit, Inc.,* 186 F.2d 130, 133 (3d Cir.1950)) so that the total number and amount of claims against the debtor's estate can be calculated, the estate divided, and the remainder of the debts discharged. The bar date advances the Code's goal of expeditious claim adjudication. *See also In re Pigott,* 684 F.2d 239, 243 (3d Cir.1982); *In re Supernit, Inc.,*

186 F.2d 130, 132 (3d Cir.1950); *Hoos & Co. v. Dynamics Corp.,* 570 F.2d 433, 437–39 (2d Cir. 1978) (it would be inequitable to the old creditors, debtor and new creditors not to have a cut-off day beyond which even claims on scheduled indebtedness may not be filed); *In re Evanston Motor Co., Inc.,* 26 B.R. 998, 1005 (N.D. Ill.1983), *aff'd,* 735 F.2d 1029 (7th Cir.1984) (Trustees, creditors, debtors and even bankruptcy judges are entitled to some measure of finality in a bankruptcy proceeding).

Sess. 61 (1978), U.S.Code Cong. & Admin. News 1978, p. 2549. *See also* 3 *Collier on Bankruptcy* ¶ 501.01 n. 35 (15th Ed.1979) (*"Collier"*). The omission of a similar provision allowing class proofs of claim to be filed for other types of claimants may be deemed to be a deliberate prohibition of them in other contexts. "Legislators know how to limit a provision when they desire to do so." *In re Hoeppner,* 49 B.R. 124, 127 (Bankr.E.D.Wis.1985) (citing *Ohio v. Kovacs,* —— U.S. ——, 105 S.Ct. 705, 83 L.Ed.2d 649 (1985)). *See also Blue Chip Stamps v. Manor Drug Stores,* 421 U.S. 723, 735, 95 S.Ct. 1917, 1925, 44 L.Ed.2d 539 (1975); *Caminetti v. United States,* 242 U.S. 470, 485, 37 S.Ct. 192, 194, 61 L.Ed. 442 (1917); *In re Chicago, M. St. P. & Pac. R. Co.,* 658 F.2d 1149, 1172 (7th Cir.1981); *In re Esposito,* 31 B.R. 872, 875–76 (Bankr.D.Conn.1983); *In re Ray,* 26 B.R. 534, 542–43 (Bankr.Kan.1983); *In re Palestino,* 4 B.R. 721, 722 (Bankr.Fl.1980); 24 Sutherland, Statutory Construction § 47.23 (4th Ed.1984).

Parenthetically, even when a class is represented by an indenture trustee, individual participation is required. Voting on a reorganization plan and distributions under the plan are made on the basis of individual claims and individual claimants. *See In re Woodmoor Corp.,* 4 B.R. 186 (Bankr.D.Colo.1980). *See generally* 3 *Collier* ¶ 501.-01; 5 *Collier* ¶ 1126.01, 1126.03, 1143.02[1]. *See also* Dunham & Borowitz, *The Role of the Indenture Trustee in Reorganization Cases Under the Bankruptcy Code,* 102 Banking L.J. 436, 446 n. 34 (Sept.-Oct. 1985).

Construing § 501 to exclude class proofs of claim is amply supported by caselaw. No court in this Circuit or any other Circuit has held that a class proof of claim is cognizable in bankruptcy. *See In re GAC Corp.,* 681 F.2d 1295, 1298–1300 (11th Cir. 1982); *In re Stirling Homex Corp.,* 579 F.2d 206, 209 n. 5 (2d Cir.1978), *cert. denied sub nom. Jezarian v. Raichle,* 439 U.S. 1074, 99 S.Ct. 847, 59 L.Ed.2d 40 (1979); *In re Cartridge Television, Inc.,* 535 F.2d 1388, 1389 (2d Cir.1976); *In re Standard Metals Corp.,* 48 B.R. 778, 782–

84 (D.Colo.1985); *In re Society of the Divine Savior,* 15 F.R.Serv.2d 294, 298 (E.D. Wis.1971); *In re Grocerland Cooperative, Inc.,* 32 B.R. at 434, 436; *In the Matter of Baldwin-United Corporation,* 52 B.R. 146, Bankr.L.Rep. (CCH) ¶ 70,699 (Bankr.S.D. Ohio 1985).

In *In re Society of the Divine Savior,* the court was presented with the issue of whether a class proof of claim was allowable under Chapter XI of the former Bankruptcy Act. The Court found that § 355 of the Act (the predecessor to Code § 1111) "provide[s] the stringent requirement that each and every creditor shall file his proof of claim in order to participate. ... [A]llowing one party representing the class to file a single claim on behalf of all members of the class would allow all such creditors to participate in the proceedings and to share in any distribution without fulfilling the statutory requirements of the Bankruptcy Act," 15 F.R.Serv.2d at 298, and disallowed the class claim.

This holding was followed in *In re GAC Corp.* The *GAC* court observed that:

[The purported class representative] has failed to refer us to even one case holding that a class proof of claim is allowable in a Chapter XI proceeding. Our own review of the cases reveals that the few courts to consider the question have reached the opposite result.... Moreover, no provision of the Bankruptcy Act or the Bankruptcy Rules specifically authorizes the filing of a class of proof of claim.

681 F.2d at 1298–99 (citations omitted). *Accord Stirling Homex,* 579 F.2d at 209 n.5 ("[T]here is no provision in the Bankruptcy Act for the filing of claims ... on behalf of a class."); *Cartridge Television,* 535 F.2d at 1389 (same); *Baldwin-United Corp.,* 52 B.R. at 149, Bankr.L.Rep. (CCH) ¶ 70,699 at 87,551 ("We have not found, however, any persuasive authority that would allow, under the guise of 'class claims,' those claims filed on behalf of individuals who failed to file their own claims."); *Grocerland Cooperative,* 32

B.R. at 434–36 ("Class action principles are antithetical to those of bankruptcy"); *Standard Metals,* 48 B.R. at 784 ("To the extent [bondholder's] proof of claim purports to be filed on behalf of other bondholders, it is deficient under [Rule] 3001(b). Further, it contravenes the provisions of 11 U.S.C. § 501."). *See also In re Shulman Transport Enterprises, Inc.,* 21 B.R. 548, 551 (Bankr.S.D.N.Y.1982), *aff'd,* 33 B.R. 383 (S.D.N.Y.1983) (Code's requirement that each creditor must file individual proof of claim should be strictly enforced).

Against this vigorous precedential backdrop, the Schools Committee has attempted to file a class proof of claim for most of the nation's schools and school districts, including those which failed to file individual claims. More than adequate individual notice of the bar date, buttressed by extensive media publication was given. No one has asserted that the school claimants were deprived of ample opportunity to file individual proofs of claim. Indeed, throughout the negotiations for an extension of the bar date, the Schools Committee assured the Court that individual proofs of claim would be forthcoming. The members of this purported "class" received notice that was "reasonably calculated" to advise them of the necessity of filing individual proofs of claim. *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950). *See also GAC Corp.,* 681 F.2d at 1300; *In re Intaco Puerto Rico, Inc.,* 494 F.2d 94 (1st Cir. 1974); *In re Harbor Tank Storage Co.,* 385 F.2d 111 (3d Cir.1967); *Baldwin-United Corp.,* 52 B.R. at 150, Bankr.L.Rep. (CCH) ¶ 70,669 at 87,552. Due process requires nothing further. The class proof of claim is thus disallowed.

**B.** *The Class Action Adversary Proceeding Must Be Dismissed*

■ The Bankruptcy Code provides the exclusive framework for asserting claims against a debtor and adjudicating claims disputes. According to § 502, a proof of claim is deemed allowed unless the debtor or a party in interest objects. Similarly, Bankruptcy Rule 3001(f) provides that a claim, properly executed and filed in accordance with § 501, constitutes prima facie evidence of its "validity and amount." *See* 3 *Collier* ¶ 502.01 at 502–7. In *In re Woodmoor Corp.,* 4 B.R. 186 (Bankr.D. Colo.1980), the claims adjudication procedure was described as follows:

> Creditors who are owed money by a [debtor] will have the debts owed them resolved in one of three ways. They may choose not to file a claim against the estate; they may choose to file a claim and it may be allowed without objection, or; they may choose to file a claim, the trustee may object to it and the court will allow, disallow or modify it.

*Id.* at 192. The trustee or debtor-in-possession has the duty of examining each proof of claim and objecting to the allowance of any claim that is improper.

Bankruptcy Rule 7001, unduly relied upon by the Schools Committee, contains the exclusive list of matters which are classified as adversary proceedings. The list does not include a category for the recovery of claims against the debtor.[6] On the contrary, the Advisory Note which accompanies Rule 7001 specifically provides that:

> Filing of proofs of claim and the allowances thereof are governed by Rules 3001–3005, and objections to claims are governed by Rule 3007. *When an objec-*

---

**6.** Rule 7001 defines "adversary proceeding" as: a proceeding in a bankruptcy court (1) to recover money or property, except a proceeding under § 554(b) or § 725 of the Code, Rule 2017, or Rule 6002, (2) to determine the validity, priority, or extent of a lien or other interest in property, other than a proceeding under Rule 4003(d), (3) to obtain approval pursuant to § 363(h) for the sale of both the interest of the estate and of a co-owner in property, (4) to object to or revoke a discharge, (5) to revoke an order of confirmation of a chapter 11 or chapter 13 plan, (6) to determine the dischargeability of a debt, (7) to obtain an injunction or other equitable relief, (8) to subordinate any allowed claim or interest, except when subordination is provided in a chapter 9, 11, or 13 plan, (9) to obtain a declaratory judgment relating to any of the foregoing, or (10) to determine a claim or cause of action removed to a bankruptcy court.

*tion to a claim is joined with a demand for relief of the kind specified in this Rule 7001, the matter becomes an adversary proceeding. See Rule 3007.* (emphasis added).

Thus it is plain that it is neither necessary nor appropriate for a creditor to commence an adversary proceeding in order to have his claim adjudicated, "for until objection is taken and sustained, that claim stands on equal footing with all other allowed claims for purposes of distribution of the debtor's assets." *Collier* ¶ 502.01 at 502–16.

Several cases have addressed the issue of whether a class action adversary proceeding may be commenced by claimants in lieu of filing individual proofs of claim. In *Shulman Transport*, 21 B.R. 548, for example, a creditor commenced a class action adversary proceeding to determine whether certain property of the debtor was held in trust for the members of the class. The Bankruptcy Court denied class certification, however, explaining that "certification would circumvent the stringent requirement that every creditor file his proof of claim in order to participate" in the distribution of the assets of the debtor's estate. *Id.* at 551. *Accord Stirling Homex*, 579 F.2d at 209 n.5 (noting that district court dismissed class action for failure of individual members of purported class to file timely proofs of claim); *Society of the Divine Savior*, 15 F.R.Serv.2d at 296–99 ("permitting [creditor] to proceed by class action would result in a direct conflict with the provisions of the Bankruptcy Act"); *Baldwin-United*, 52 B.R. at 149, Bankr.L. Rep. (CCH) ¶ 70,669 at 87,551 ("The filing

of a proof of claim ... does not constitute an adversary proceeding...."); *Grocerland Cooperative*, 32 B.R. at 435 (class action principles are antithetical to those of bankruptcy); *Woodmoor Corp.*, 4 B.R. at 192 (each claimant in bankruptcy must prove his own claim and class actions "cannot be maintained to circumvent that requirement").

The Court is not adverse to applying class action principles where appropriate. Certainly, a class action may be a valuable procedural tool in the claims adjudication process if it is invoked after creditors' claims have been validly filed and objected to. In *In re REA Express, Inc.*, 10 B.R. 812 (Bankr.S.D.N.Y.1981), the bankruptcy court granted class certification to creditors whose claims had been objected to by the trustee. In *REA*, two non-union employees of the debtor sought to proceed as class representatives to defend against the trustee's motion to disallow, reduce and reclassify its non-union employees' wage claims. After finding that the contested matter created by the filed objections to the wage claims was "sufficiently serious and complicated to warrant the court's direction that the procedure be governed by the rules that govern" adversary proceedings, including Rule 723 [the predecessor to Rule 7023], *id.* at 813, the court found that the parties had met the prerequisites to Fed.R.Civ.Pro. 23,[7] particularly numerosity, typicality, commonality of issues, and superiority of a class action to any other mode of adjudicating the objections to claims. The court stated:

---

**7.** Fed.R.Civ.P. 23 provides that a class action may be maintained by or against representative parties on behalf of a class only if the following prerequisites are met:

(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed.R.Civ.P. 23(a). In addition, before an action may be commenced as a class action the

court must find that the prosecution of separate actions would create a risk of inconsistent judgments or that "the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed.R. Civ.P. 23(b).

Bankruptcy Rule 7023 makes Fed.R.Civ.P. applicable in adversary proceedings commenced in the bankruptcy court. Rule 9014 gives the bankruptcy court discretion to apply Rule 7023 to a contested matter.

Since the trustee filed broad objections to the employees' claims on grounds generally applicable to them as a class, and since, if the trustee prevailed, all claims would be disallowed without reference to individual circumstances, it is clear that general issues predominate in this action. In fact the only individual aspects of these claims is the question of amount to be paid each individual should the employees prevail. Furthermore, if class action status is not granted, each individual plaintiff would be forced to appear and comment on the manner in which the trustee's general objections touch upon his or her claim. Other than through the use of class action there is no means for the employees to present a single coherent voice with impact equal to the trustee's general objection to their claims.

*Id.* at 814.

*REA Express* differs from the instant case in several significant respects. In *REA*, each member of the class had already timely filed an individual proof of claim. The extent of the class was thus fixed, and its members were known. *Id.* at 815. Furthermore, unlike *REA Express*, a reading of the papers in the instant case shows that the claims and possible defenses are as varied and unique as the number of potential claimants. Indeed, it may result that, aside from certain legal issues none of the property damage claims present sufficient commonality to warrant a full Rule 7023 application. Finally, and most importantly for the purposes of this opinion, Manville has not yet objected to the claims which have been filed by the individual school claimants.

■ This Court agrees with the reasoning of the *Shulman* and *REA* courts that the only appropriate way to assert a claim against a debtor's estate is through the timely filing of a properly executed proof of claim. To permit persons who fail to file proofs of claim to maintain an adversary

proceeding to assert their claims against the debtor would be fundamentally unfair to those creditors who have complied with the filing requirements of the Code and the Rules. Nevertheless if, and when, the court determines that for purposes of the "fair and efficient adjudication" of objections to claims a class action for specific determinations is appropriate, the court can certify the class, in accordance with Fed.R. Civ.Pro. 23.[8]

C.  *Injunctive Relief Is Not Appropriate*

Bankruptcy Rule 7001(7) provides that adversary proceedings include one which seeks "to obtain an injunction or other equitable relief." The purpose of this rule is to embrace a request for equitable relief within the scope of the Part VII Rules, which incorporate or adapt the Federal Rules of Civil Procedure. Rule 7001(7) must also be read in the context of other sections of the Code and caselaw which provide the methodology for claims adjudication.

The Schools Committee, however, seems to believe that by couching its damage claim partially in terms of injunctive relief, the claim may be asserted against Manville by means of an adversary proceeding rather than solely by way of a proof of claim. So long as the relief sought by the school claimants comports with the Code's definition of "claim," the mere label of "adversary proceeding" or the request for injunctive relief does not alter the fact that the school claimants are precluded from recovering from the Manville estate outside of the proof of claim process. Assuming that the Schools Committee "class" claim could be pursued, which it cannot, the claim is one which could be reduced to a money judgment and therefore the equitable relief sought in the form of an injunction must be denied.

Section § 101(4) defines "claim" as any legal or equitable obligation of the debtor

8. Alternatively, the court may apply Fed.R. Civ.P. 20 if it determines that the relief sought by or against the school claimants arises "out of the same transactions or occurrences and if any

question of law or fact common to all these persons will arise in the action." Fed.R.Civ.P. 20(a).

which gives rise to a right to payment. 11 U.S.C. § 101(4). In *Ohio v. Kovacs,* —— U.S. ——, 105 S.Ct. 705, 83 L.Ed.2d 649 (1985), the Supreme Court recently held that a mandatory injunction ordering a debtor to clean up a hazardous waste disposal site was a "liability on a claim," subject to discharge under the Code. In *Kovacs,* the State of Ohio argued, however, that the debtor's breach of his obligation under the injunction did not give rise to a right to payment within the meaning of § 101(4)(B). The Supreme Court disagreed, stating that "it is apparent that Congress desired a broad definition of a 'claim'." *Id.* 105 S.Ct. at 709. The Court noted with approval the bankruptcy court's ruling, as follows:

> There is no suggestion by plaintiff that defendant can render performance under the affirmative obligation other than by the payment of money. We therefore conclude that plaintiff has a claim against defendant within the meaning of 11 U.S.C. § 101(4), and that defendant owes plaintiff a debt within the meaning of 11 U.S.C. § 101(11).

*Id.* at 709.

Likewise, in *In re Robinson,* 46 B.R. 136 (Bankr.M.D.Fla.1985), an affirmative injunction ordering the debtor to restore certain marshland to its original condition was held to be a "claim" within the meaning of Code § 101(4), even though the duty was facially a non-monetary, remedial obligation. The court declared:

> We do not know from the record whether the plaintiff would be satisfied by the tender by the defendant of the money necessary to perform the restoration, but we do know that the restoration cannot be performed without the expenditure of money. Thus ... we find all of the prerequisites to a money judgment, and see no reason to determine that the defendant's obligation should be excluded from the Code definition of "claim".

*Id.* at 139. *Accord In re Southern Industrial Banking Corp.,* 46 B.R. 306 (Bankr. E.D.Tenn.1985).

As in *Kovacs* and *Robinson,* the Schools Committee's claim is one which can be reduced to a money judgment. Thus, their adversary proceeding is not an appropriate vehicle for adjudicating the claim. Moreover, a mandatory injunction requiring Manville to remove asbestos as requested would force Manville to expend or liquidate all of the estate assets in order to begin to comply. The Schools Committee cannot obtain such preferential treatment to the detriment of all other creditors of the estate who are awaiting their own recovery in the context of a plan or other form of liquidation.

It having been determined that the filed class action claim may not be allowed or sustained in these proceedings and for the reasons set forth above, the class action adversary proceeding is dismissed.

IT IS SO ORDERED.