In re MECHEM FINANCIAL, INC., Debtor.

Michael Q. LEBRON and Michael C. Lebron, Movants,

v.

MECHEM FINANCIAL, INC., Respondents.

Bankruptcy No. 90–00193E.
Motion No. 90–1029.

United States Bankruptcy Court, W.D. Pennsylvania.

March 26, 1991.

Guy C. Fustine, Erie, Pa., for trustee.

James E. Blackwood, Erie, Pa., for movants.

Steven Baker–McKee, Pittsburgh, Pa., for Geibel Funeral Home and others.

John F. Mizner, Erie, Pa., for Scott Funeral Home.

Thomas E. Kuhn, Erie, Pa., for Orlando Funeral Home.

Michael S. Janjanin, Erie, Pa., for Mihalcik Funeral Home.

Thomas J. Minarcik, Erie, Pa., for Speakman Funeral Home.

Mark L. Glosser, Pittsburgh, Pa., for Campbell Community Funeral Home.

A. Groh Schneider, Hatboro, Pa., for Schneider Funeral Home.

Daniel J. Barrett, Athens, Pa., for Lowery Funeral Home.

Thomas K. Noonan, Mahanoy City, Pa., for Truskowsky Funeral Home.

## MOTION TO COMPEL CORRECTION OF SCHEDULES AND NOTICE TO CLAIMANTS

### OPINION

WARREN W. BENTZ, Bankruptcy Judge.

The issues before the Court are whether the claim of Michael Q. Lebron and Michael C. Lebron ("Lebrons") can proceed as a class proof of claim and whether Mechem Financial, Inc.'s ("Debtor") bankruptcy schedules shall be amended to include individual persons who purchased interests in and/or were beneficiaries under the Debtor's Pre–Need Trust Agreements and whether the individual purchasers are creditors of the Debtor who must receive notice of the Debtor's bankruptcy.

### *Discussion*
### Class Proof of Claim

■ Courts which have considered whether creditors in a bankruptcy case

may proceed as a class with respect to filing proofs of claim are in conflict.

Until very recently, most courts disallowed class proofs of claim as inconsistent with the Bankruptcy Code. *In re Standard Metals Corp.*, 817 F.2d 625 (10th Cir. 1987); *In re Allegheny International, Inc.*, 94 B.R. 877 (Bankr.W.D.Pa.1988); *In re Johns–Manville*, 53 B.R. 346 (Bankr.S. D.N.Y.1985); and *In re Baldwin–United Corp.*, 52 B.R. 146 (Bankr.S.D.Ohio 1985). The Third Circuit addressed the issue in a case under the Bankruptcy Act and determined that class proofs of claim in bankruptcy were inappropriate. *Securities and Exchange Commission v. Aberdeen Securities Co., Inc.*, 480 F.2d 1121 (3d Cir.1973).

Some of the more recent decisions hold that class proofs of claim are permitted and are not inconsistent with the provisions of the Bankruptcy Code. *Reid v. White Motor Corp.*, 886 F.2d 1462 (6th Cir.1989); *In re Charter Co.*, 876 F.2d 866 (11th Cir. 1989); *In re American Reserve Corp.*, 840 F.2d 487 (7th Cir.1988) and *In re Zenith Laboratories, Inc.*, 104 B.R. 659 (D.N.J. 1989).

Decisions holding that class proofs of claim are permissible leave to the discretion of Bankruptcy Courts whether or not to allow a class proof of claim in a particular proceeding. *American Reserve*, 840 F.2d at 493–94; *Charter*, 876 F.2d at 876; and *Zenith Laboratories*, 104 B.R. at 664.

We need not decide whether class proofs of claim are prohibited, for even exercising our discretion in the instant matter, we will disallow the class proof of claim. Situations exist where a class proof of claim may be appropriate such as where there exist a large number of minute claims; there are unliquidated, contingent claims where some of the claim holders or potential claim holders are unknown; where the debts of the estate cannot be determined; or where hundreds or even thousands of employees having various types of claims against an insolvent employer are represented by a union which has a unique familiarity with the issues involved and matters are simplified by such representation.

Such is not the situation presently before the Court. The Trustee indicates that he is in possession of the Debtor's books and records and that the identity of the purchasers and/or beneficiaries of the preneed trusts and the amounts paid are ascertainable. Each of the purchasers' claims can be calculated based on their contract and thus, we see no benefit to a class proof of claim.

The Lebrons' request that their proof of claim proceed as a class proof of claim will be denied.

*Whether the Individual Purchasers are Creditors of the Debtor*

■ The Lebrons assert that the individual purchasers of pre-need trusts are creditors of the Debtor, while certain of the funeral directors assert that they are responsible to the individual purchasers; that the funeral directors have a claim against the Debtor and the individual purchasers do not.

Upon review of the Debtor's standard forms—"Pre–Need Trust Agreement" and "Master Pre–Need Trust Agreement"—we conclude that the individual purchasers are creditors.

The Pre–Need Trust Agreements are executed by the individual purchasers and the funeral director, appointing the funeral director as agent for the purchaser and directing the funeral director to establish an individual trust with the "Mechem Master Pre–Need Trust Agreement." The Pre–Need Trust Agreement also states that "[p]urchaser agrees this Trust shall be subject to all of the provisions of the Mechem Master Pre–Need Trust Agreement."

The Master Pre–Need Trust Agreement defines "Trustee" as "Mechem Financial, Inc. and Funeral Directors...." Article VII of the Master Pre–Need Trust Agreement entitled "Withdrawals from Trust" lists several situations in which the "Trustee" is responsible for payment directly to the individual purchasers, thus making the Debtor responsible for payment.

We, therefore, conclude that the individual purchasers are creditors of the Debtor although they may also have claims against

the funeral directors to the extent they are not made whole from the Debtor's estate.

### Amended Schedules and Notice to Individual Claimants

The funeral directors oppose notice to the individual purchasers, asserting that such notice would cause irreparable harm to their reputation and business. The funeral directors assert that they are complying with the terms of the trusts by providing funerals at no charge as the need arises. No mention has been made as to whether excess payments, if any, have been returned to the individual purchasers.

Although some of the funeral directors may be complying with the terms of the trusts, the record affords no assurance that all funeral directors are doing so, nor is there any assurance that every funeral director will remain in operation until all of the trusts have been fulfilled.

Therefore, we find that the Debtor's schedules must be amended and notice given to the individual purchasers.

We will, however, allow the funeral directors a prior opportunity to replace each trust fund by providing alternate fully funded trusts which are in compliance with the requirements of the State Board of Funeral Directors and which provide the individual purchasers with the equivalent of their bargain.

An appropriate order shall be entered.

### ORDER

This 26 day of March, 1991, in accordance with the accompanying OPINION, it shall be, and hereby is, ORDERED as follows:

1. Michael Q. Lebron and Michael C. Lebron's proof of claim shall not proceed as a class proof of claim.

2. Each funeral director who has entered into agreements with individual purchasers of Mechem Pre–Need Trusts shall have 90 days from the date of this Order to fully fund a replacement trust for each of the individual purchasers, in default of which their individual customers shall each be listed as a creditor and receive notice of the within bankruptcy proceeding and an opportunity to file a claim.

3. Robert G. Dwyer, Esq., Trustee, shall preliminarily determine and, within 120 days of this Order, advise the Court whether the replacement trusts funded by the funeral directors provide the individual purchasers the equivalent of their Mechem Pre–Need Trust, and whether the replacement trusts satisfy the requirements of the State Board of Funeral Directors.

4. Each funeral director who provides a replacement trust will be permitted to file a proof of claim which will stand in the place of a claim by the individual purchaser whose trust has been replaced.

5. Within 120 days after entry of this Order, Robert G. Dwyer, Esq., Trustee, shall advise the Court of the remaining individual customers whose trusts have not been replaced and submit to the Court a proposed form of notice advising the individual customers of this bankruptcy and of their right to file a proof of claim.

6. Robert G. Dwyer, Esq., Trustee, shall serve the within Opinion and Order on the current service list and on all funeral directors who are parties to the Mechem Individual Pre–Need Trusts.