In re TREBOL MOTORS DISTRIBUTOR CORPORATION, Debtor.

In re TREBOL MOTORS CORPORATION, Debtor.

Bankruptcy Nos. 96–07768 GAC, 96–07769 GAC.

United States Bankruptcy Court, D. Puerto Rico.

June 27, 1997.

Charles A. Cuprill, Ponce, PR, for Debtors.

Nancy Worth Davis, Paul H. Hulsey, Ness, Motley, Loadholt, Richardson & Poole, P.A., Charleston, SC, Sergio A. Ramirez de Arellano, San Juan, PR, Jose F. Quetglas Jordan, Zygmunt Slominski, Quetglas Law Offices, Santruce, PR, Allan Kanner, Conlee Schell Whitley, Allan, Kanner & Associates, P.C., New Orleans, LA, for creditors Luis Bonilla, et al.

### DECISION AND ORDER

GERARDO A. CARLO, Bankruptcy Judge.

Creditors, Luis Bonilla, et al. (hereinafter "Bonilla" or the "Bonilla creditors"), filed motions and supporting memorandum for an extension of time to file proofs of claim or in the alternative to allow the filing of proofs of claim by a class representative (dkts. # 115 and # 117, respectively). Debtors filed answers requesting that Bonilla's motions be denied (dkts. # 175 and # 171, respectively). The Bonilla creditors filed supplemental memorandum in support of their motions (dkt. # 227 in both cases).

As background, prior to the filing of these petitions in bankruptcy, on June 16, 1992, the Bonilla creditors filed a class action against the debtors in the United States District Court for the District of Puerto Rico, Case No. 92–1795(JP), alleging violations of the Racketeer Influenced And Corrupt Organizations Act. The Bonilla creditors were certified as a class on March 3, 1993, with Luis Bonilla as representative of the class. On October 10, 1996, judgment was entered in favor of Bonilla in the amount of $129,591,-300.00, plus attorney's fees, costs and interest. On January 29, 1997, one day prior to the claims bar date, Paul H. Hulsey, esq. ("Hulsey") of Ness, Motley, Loadholt, Richardson & Poole, P.A. ("Ness, Motley"), co-counsel for the Bonilla creditors, filed one proof of claim in each of these bankruptcy cases on behalf of the Bonilla creditors. Hulsey also filed a verified statement in connection with the representation of the Bonilla

creditors (dkt. # 123 in Case No. 96–07768). The individual creditors have not filed proofs of claim.

The issues now raised by Bonilla's motions and the debtors' opposition are whether a class proof of claim may be filed in a bankruptcy case by a certified representative of the class and whether the class proofs of claim filed by the Bonilla class representative were properly filed in these cases. These issues have not been addressed by the First Circuit Court of Appeals.

■ Although there are numerous cases discussing at great length, the issue of whether a class may file a class proof of claim, this Court observes that in a case decided by the Ninth Circuit in the last year, that Court issued a two paragraph *per curiam* decision concluding that the Bankruptcy Code should be construed to allow class claims. *In re Birting Fisheries, Inc.*, 92 F.3d 939 (9th Cir.1996). The Court stated that "[t]hree circuits have previously considered this question, and all have construed the code as we do. Those courts have fully discussed the arguments and explained their decision. We concur." *Id.* at 940 (footnote omitted). The implication of a decision such as *In re Birting Fisheries*, is that the issue of whether a class may file a class claim, has been solidly decided in the affirmative.

The other Circuit Courts of Appeal which have concluded that a class may file a class claim are the Sixth Circuit in *Reid v. White Motor Corp.*, 886 F.2d 1462 (6th Cir.1989), *cert. denied*, 494 U.S. 1080, 110 S.Ct. 1809, 108 L.Ed.2d 939 (1990), the Eleventh Circuit in *In re Charter Co.*, 876 F.2d 866 (11th Cir.1989), *cert. dismissed*, 496 U.S. 944, 110 S.Ct. 3232, 110 L.Ed.2d 678 (1990) and the Seventh Circuit in *In the Matter of American Reserve Corp.*, 840 F.2d 487 (7th Cir. 1988). The only Circuit Court of Appeals to reach a contrary result was the Tenth Circuit in *In re Standard Metals Corp.*, 817 F.2d 625 (10th Cir.1987), *vacated and reversed on other grounds sub. nom. Sheftelman v. Standard Metals Corp.*, 839 F.2d 1383 (10th Cir. 1987), *cert. dismissed*, 488 U.S. 881, 109 S.Ct.

201, 102 L.Ed.2d 171 (1988). Since 1987, the Tenth Circuit Court of Appeals is the only Circuit Court of Appeals that has concluded that a certified class may not file a class proof of claim. This Court agrees with the decisions favoring the allowance of class proofs of claim and concludes that a certified class may file a class proof of claim.

■ The only issue remaining is whether the Bonilla creditors have followed the proper procedures for filing a class claim. The debtors argue that Hulsey has failed to show that he is authorized to act on behalf of each individual member of the Bonilla class, which failure violates Fed.R.Bankr.P. 3001(a). The debtors also argue that the proofs of claim lack the name and address of each creditor in the class and thus that Hulsey has failed to comply with Fed.R.Bankr.P.2019. The Court concludes that these arguments fail. The Bonilla creditors were certified as a class and Ness, Motley was designated and appointed by the District Court to serve as class counsel for all members of the Bonilla class, as defined and certified in the District Court's order. The debtors do not dispute that the appointment continues for the purpose of appeal, negotiating settlement and/or for pursuing the claims of class members as creditors of the debtors. Federal Rules 2019 and 3001, require agents to explain the circumstances of their agency. If the Bonilla creditors had not previously been certified as a class, the rule would require the self-appointed representative of the class, i.e. Luis Bonilla, to explain his status as "agent for the missing". Because the class was certified, the proofs of claim filed are effective for the entire class and Rules 2019 and 3001 have been satisfied. See generally *Matter of American Reserve Corp.*, 840 F.2d 487, 493, including n. 6 (7th Cir.1988).

■ The debtors also argue that if Fed. R.Civ.P. 23 is applicable, the Bonilla creditors were required to prove, prior to the bar date, that they satisfied the criteria for class certification by the bankruptcy court. The debtors argue that class action procedures can only be used in bankruptcy to consolidate

claims that are properly filed. Thus, the debtors allege that the individual creditors must each timely file a proof of claim to participate in any class action. This argument was squarely rejected by the Eleventh Circuit in *In re Charter Co.*, 876 F.2d 866 (11th Cir.1989). The Court stated that:

> [t]he position adopted by some courts that bankruptcy litigation can proceed under Rule 23, but only after each potential class member files an individual proof of claim, is illogical and contrary to important class action policy consideration. See, e.g., *In re Standard Metals Corp.*, 817 F.2d 625 (10th Cir.1987); *In re Johns-Manville Corp.*, 53 B.R. 346, 353 (Bankr.S.D.N.Y. 1985). This construction of the statute effectuates only one of the policies underlying Rule 23, that of consolidating a large number of claims into one litigation. However, it ignores the goal of permitting the prosecution of small claims which would not be economical to prosecute individually.

*Id.* at 871 (footnote omitted). The Court noted that the filing of a class proof of claim increases the efficiency of the proceedings and that it would seem backwards to require individual class members to file separate proofs of claim in bankruptcy after they have been certified as a class by the district court. *Id.* n. 8.

■ Because the Bonilla creditors were certified as a class by the district court, this Court concludes that the Bonilla creditors are not required to apply for class certification in the bankruptcy court under Fed. R.Civ.P. 23 in order to file a class proof of claim. The Court concludes that the Bonilla creditors have satisfied all of the elements of Fed.R.Civ.P. 23 and that the decision in the district court on this issue is binding on this Court.

Prior to this contested matter, the debtors have been content to treat the Bonilla creditors as one entity. The debtors scheduled the claim of the Bonilla creditors as one debt. Likewise, the debtors have not given separate notices of a claims bar date or other matters arising in these bankruptcy proceedings to the estimated 15,000 individuals who comprise the Bonilla class. Given this treatment of the class, it is just to allow the Bonilla creditors to file a class proof of claim. The Court concludes that class proofs of claim may be filed in a bankruptcy case by a certified representative of the class and that the class proofs of claim filed by the Bonilla class representative were properly filed in these cases.

### ORDER

WHEREFORE IT IS ORDERED that the motions by creditors, Luis Bonilla, et al. to allow the filing of proofs of claim by a class representative (dkts. # 115 and # 117, respectively) shall be, and hereby are, GRANTED.

The ten-day period for filing a motion to alter or amend this order, pursuant to Fed. R.Bankr.P. 9023, or to file a notice of appeal, pursuant to Fed.R.Bankr.P. 8002(a), shall commence to run upon notice of entry of this order.

SO ORDERED.