**In re GREAT WESTERN CITIES, INC. OF NEW MEXICO, Great Western United Corp., Great Western Cities, Inc., Colorado City Development Co., Debtors.**

**Bankruptcy Nos. 384–30198–HCA–7, 384–30199–HCA–7, 384–30200–HCA–7, 384–30201–HCA–7.**

United States Bankruptcy Court, N.D. Texas, Dallas Division.

July 28, 1988.

Molly W. Bartholow, Bartholow & Milbank, Dallas, Tex., Trustee for the Estates.

Thomas A. Connop, Locke Purnell Rain & Harrell, Dallas, Tex., for Molly W. Bartholow, Trustee.

Maureen A. Mosh, Sachnoff Weaver & Rubenstein, Ltd., Chicago, Ill., Mark R. Steiner, Cohan, Simpson, Cowlishaw, Aranza & Wulff, Dallas, Tex., for Land Fraud plaintiffs.

## MEMORANDUM OPINION ON MOTION TO LIFT STAY

HAROLD C. ABRAMSON,
Bankruptcy Judge.

This opinion involves the continuing issue of whether class proofs of claim may be filed in a bankruptcy proceeding. The issue comes to the Court in the form of a Motion to Lift Stay filed by a class of plaintiffs in a suit currently under way in an Illinois U.S. District Court. This Court finds that cause for lifting of stay has not been shown.

### FACTS

On February 7, 1984, Great Western United Corporation ("GWU"), Great Western Cities, Inc. ("GWC"), Great Western Cities, Inc. of New Mexico ("GWCNM") and Colorado City Development Company ("CCDC") filed voluntary petitions for relief under Chapter 7 of the United States Bankruptcy Code. On February 10, 1984, Molly W. Bartholow was appointed Trustee for each of these debtors. On August 24, 1984, the United States Bankruptcy Court for the Northern District of Texas, Dallas Division, issued its Order setting October 22, 1984 as the date for the first meeting of creditors for each debtor pursuant to Section 341 of the United States Bankruptcy Code (the "Code"). In addition, the Bankruptcy Court established a bar date for the filing of proofs of claim ninety (90) days following the first meeting of creditors.

On January 17, 1985, the law firm of Wald, Harkrader & Ross filed proofs of claim in the bankruptcy cases of GWU, GWC, GWCNM, and CCDC, purportedly on behalf of the *Adair*, *Aaland* and *Kaliski* plaintiffs. These proofs of claim varied in the amount and were filed only in certain cases.

The proofs of claim filed by the Wald, Harkrader firm on behalf of a particular plaintiff were identical. Each proof of claim stated that the firm was the agent of the plaintiffs and authorized to make the proof of claim on their behalf. The names and addresses of the claimants were attached to the proofs of claim as Exhibit A. The grounds of liability for each debtor were allegedly set forth in Complaints appended to each proof of claim as Exhibit B. Among the claims asserted in each Complaint were violations of Section 10(b) of the Securities Exchange Act of 1934 and Rule 10(b)(5) promulgated thereunder, Section 17 of the Securities Act of 1933, Section 12 of the Securities Act of 1933, and the Interstate Land Sales Full Disclosure Act. Specifically, the plaintiffs in each case prayed for judgment against the defendants for the amount each had paid to defendants pursuant to certain lot purchase contracts. No specific dollar amount of recovery per plaintiff was prayed for in any of the three actions or in the proofs of claim. Rather, each proof of claim asserted an aggregate "unliquidated" recovery. Additionally, the *Kaliski* plaintiffs claimed breach of contract as a ground of recovery, and the *Adair* and *Aaland* plaintiffs claimed breach of contract and tortious interference with contract as grounds of recovery.

The *Adair* proofs of claim were filed in the amount of $65,000,000.00. Approximately 1,566 claimants were identified on a list of names and addresses attached to the *Adair* proofs of claim on Exhibit A. The *Aaland* proofs of claim were filed in the amount of $35,000,000.00. Approximately 795 claimants were identified by name and address on Exhibit A to the *Aaland* proofs of claim.

None of the plaintiffs in the *Adair*, *Aaland* or *Kaliski* actions has filed an individual proof of claim. No power of attorney or other written authorization is attached to any of the *Adair*, *Aaland* or *Kaliski* proofs of claim. Not one of the proofs of claim itemizes the claim amount of any single claimant.

## CLAIMS OF THE PARTIES

The trustee objects to the lifting of the stay to allow the land fraud litigation to continue in the Illinois court. The trustee argues that the proofs of claim filed by the Wald, Harkrader firm are invalid because they were not filed by a party with authority to file claims on behalf of the Illinois plaintiffs. The trustee also suggests that the claims violate the rule against the filing of class proofs of claim in bankruptcy. Therefore, the trustee asks this court to strike the claims.

The movants respond that the proofs of claim were filed in accordance with the bankruptcy rules, in that they were filed by an authorized agent of the claimants. Further, the movants claim that the Bankruptcy Code does not forbid the filing of class proofs of claim. The movants seek to lift the automatic stay to continue litigation in the Illinois court.

This Court finds for the trustee on all counts.

## DISCUSSION OF THE LEGAL ISSUES

### I. Lack of Evidence of Agency

The trustee has claimed that the proofs of claim filed in this case have been filed by an entity which is not authorized to do so. The rule to be applied is Bankruptcy Rule 3001(b). In relevant portion, that rule requires that a "proof of claim be executed by the creditor or the creditor's authorized agent ..." The individual claimants in the Illinois litigation have not filed claims in this case. Therefore, the filing party, the attorneys for the class action plaintiffs in the Illinois suit, must show that they are authorized agents to file the claims. This the movants have not done.

It is plain that counsel has not provided the Court with anything to indicate that they were in any way authorized to file claims on behalf of the Illinois plaintiffs. Counsel's only response is to claim that nothing in the Code or the Rules places on them a clear affirmative duty to prove their status as agents for the claimants. This argument is somewhat tautalogical—nothing in the Code or Rules says that they do not have to show their agency. In fact, what little the Rules do say indicates that the initial burden is on the party claiming to be an agent for several claimants. Rule 2019 provides that any entity claiming to represent more than one creditor must meet several requirements. Among these requirements is that the entity must file any instrument which empowers the entity to act on behalf of the creditors. This would plainly include an executed power of attorney authorizing counsel to file a proof of claim in this case. This rule alone would appear to place the burden on the party seeking to claim that he is an agent for several claimants.

■ Even if this were not the rule, the Court would have to face the realities of the situation. The movants argue that they may appear before this Court claiming to represent thousands of claimants with millions of dollars in claims, yet argue that they do not have to prove that any of those claimants have authorized the firm to represent them in this bankruptcy proceeding. The Court cannot accept that this is the rule, and counsel has not cited any authority which affirmatively supports the proposition. This Court holds that the initial burden of proof is on the party claiming agency status.

■ Counsel points to its alleged authorization to represent the claimants in the suit in Illinois as proof of its authorization to file claims in this case. However, the authorization to press the Illinois suit is not relevant to the issue in this case. It is very well settled that authorization to act as agent for one purpose is not blanket authorization to represent for all purposes. *In re Baldwin–United Corp.*, 52 B.R. 146, 148–49 (Bankr.S.D.Ohio 1985).

## II. Class Proofs of Claims in Bankruptcy Proceedings

■ This Court further holds that class proofs of claim are not proper in a bankruptcy proceeding. In so doing, this Court joins the overwhelming majority of well reasoned case authority.

The number of cases which have suggested that class proofs of claim are not appropriate in bankruptcy cases is too long to list, but a listing of the more prominent cases will suffice. *Sheftelman v. Standard Metals Corp.*, (*In re Standard Metals Corp.*), 817 F.2d 625 (10th Cir.1987); *Dade County School District v. Johns–Manville Corp.*, (*In re Johns–Manville Corp.*), 53 B.R. 346 (Bankr.S.D.N.Y.1985); *In re Baldwin–United Corp.*, 52 B.R. 146 (Bankr.S.D.Ohio 1985); *In re Computer Devices, Inc.*, 51 B.R. 471 (Bankr.D.Mass. 1985). In contrast to the great weight of authority embodied in these cases is one very recent case which holds otherwise. In *In re American Reserve Corp.*, 840 F.2d 487 (7th Cir.1988), the Court held that class proofs of claim may be appropriate in certain instances. This Court holds that the better reasoned analysis as represented in the case law and the statutes is that class claims are not appropriate in bankruptcy cases. A brief review of the reasons why class claims have traditionally not been allowed is perhaps appropriate.

Since the initial preparation of this Memorandum Opinion, there has been published a very thoughtful article on this subject matter.[1]

---

**1.** The article is entitled "Ruling Authorizing Class Filings Prejudices Individual Claimants," authors Richard G. Parker and Mark D. Plevin, *The National Law Journal*, July 4, 1988. The authors make several important points in criticism of the Opinion in *In re American Reserve Corp.*, 840 F.2d 487 (7th Cir.1988). The points are as follows:

1. "Sec. 501 of the code substantially reenacted Sec. 57a of the Bankruptcy Act. Sec. 57a of the act and its implementing rules (which the present rules largely restate) had before the 1978 enactment of the Bankruptcy Code uniformly been interpreted as barring class claims. In enacting Sec. 501, Congress gave no indica-

Class claims are not necessary in bankruptcy cases. The primary reason for allowing class action suits is to avoid litigation in a multiplicity of forums. *See e.g., Standard Metal Corp.*, 817 F.2d at 632. Since the Bankruptcy Court has jurisdiction over all claims against the debtor, this concern is unfounded in the bankruptcy case.

tion that it wished to depart from these holdings."

2. "In addition, no purported class filing could comply with the requirements of the Bankruptcy Rules. For example, a class representative could not comply with Rule 3001(b), which states that claims can be filed only by 'the creditor or the creditor's authorized agent.' A putative class representative is not 'authorized' by anybody.

Rule 2019(a) requires that every person who purports to represent more than one creditor file a verified statement setting forth the name and address of the creditors represented, information about the creditors' claims and the circumstances of the agent's employment by the creditor.

Official Form 19, which provides the model for a proof of claim, requires that an agent state the name and address of his or her principal and affirm that he or she 'is authorized to make this proof of claim on behalf of the claimant.' A class representative could comply with none of these provisions."

3. "Bankruptcy rules 3007 and 9014 state that Rule 23 is not applicable in a claims objection matter without a court order making it applicable."

4. "Congress had good reason for failing to authorize class claims when it enacted the Bankruptcy Code. First, requiring individual creditors to file their own proofs of claim permits the debtor promptly to quantify the claims against it and to commence the reorganization planning process. Class damages allegations, unlike individual ones, are necessarily imprecise—and quite frequently gargantuan. The supposed representative quite frequently does not even know the precise number of class members, let alone the loss (if any), that each may have sustained."

5. "Second, damages almost always involve individual questions. Even if liability were determined on a group basis, numerous separate minitrials thus might well be necessary. As a result, creditors who filed proofs of claim would have to stand in line with class members who had failed to file and who were present participating in the reorganization as a result of the fortuity that a few claimants were permitted to 'represent' them, individual claimants, particularly because the Bankruptcy Code ordinarily prohibits them from receiving interest on their claims."

6. "Third, creditors who had filed proofs of claim could have their distributive shares reduced in favor of those who made no effort to comply with the law."

7. "Filing a proof of claim is not nearly as onerous a task as filing a federal civil action. A civil claimant must pay a filing fee and set forth his or her claims for relief. He or she is subject to broad discovery and the Seventh Amendment right to a jury trial."

8. "A civil claimant only establishes the right to recover following a plenary trial. Bankruptcy, an equitable proceeding, provides a summary procedure that is far less costly. A bankruptcy claimant need only complete Official Form 19, a one-page document comprehensible to a layperson.

A bankruptcy claimant is not required to allege causes of action or pay a filing fee. Furthermore, under the Bankruptcy Code a proof of claim is deemed allowed unless objected to. Litigation ensues only if the debtor objects. The small claimant can thus establish a right to recover with a minimum of effort and expense."

9. "Class claims undermine the creditor's franchise, because those who have complied with the governing requirements are effectively disenfranchised by a class representative whose power with respect to voting on a plan would dwarf theirs. And under Bankruptcy Rule 2002(g), all notices to individual members of that class would be addressed solely to the representative."

10. "Moreover, any purported class representative would presumably be the 'authorized agent' for the purpose of both executing a proof of claim and for accepting or rejecting the plan. Nothing in the Bankruptcy Code or Rules vests in the representatives of those who have not filed timely proofs of claim the power to control the vote on a proposed plan of reorganization, and even when an indenture trustee files a representative claim individual participation is required for voting and distribution purposes."

This Court agrees with this rationale of the authors, and further adds another reason for the difference with the Seventh Circuit Opinion in *American Reserve Corp.*—that to allow the filing of class claims by purported representative attorneys could encourage solicitation of claims with the consequent problem of that solicitation resulting in contingent fees on behalf of the counsel so soliciting. Usually a bankruptcy claimant does not need the services of an attorney. To allow the class claim filing could result in a diminution of the fund available for the claimants as a result of the payment of professional fees. Furthermore, the unnecessary filing of class claims could precipitate expense to the bankruptcy estate which causes diminution of the fund available to the creditors. This should be avoided if at all possible by the Court. Another reason for avoiding this scenario is the "aura of respectability" given to the action by the counsel filing a class claim, the effect of which could lead to a hiring of that counsel when there was no previous reason to do so.

Therefore, the purpose of a class claim does not arise in a bankruptcy case. *See, Id.*

It is also clear that nothing in the Code or the Rules provides for a class proof of claim. In a well reasoned opinion, in *Johns–Manville*, 53 B.R. at 350, Judge Lifland used statutory interpretation to argue that this omission was intentional on the part of Congress. This Court agrees with the reasoning contained in that opinion, and adopts it.

Finally, the Court must recognize that requiring each individual claimant to file a proof of claim is not a great burden. A proof of claim for an unsecured creditor requires little more than a listing of name, address, amount of claim (or a listing as "unliquidated" or "contingent"), and a signature. It should take less than five minutes to fill out. Further, it costs twenty-five cents to mail it to the Bankruptcy Clerk. This is not an unreasonable burden to protect an interest, even if very small.

All of this is not to say that class action principles should never be used in a bankruptcy proceeding. Where a large number of claimants have filed claims with a similar basis for relief, it might be appropriate for a court to try these claims as a class. However, this does not vitiate the requirement of individually filed proofs of claim. Class action procedures are only proper in a bankruptcy proceeding where proper proofs of claim have already been filed. *Standard Metals*, 817 F.2d at 632.

Therefore, this Court finds that in view of the cases, statutes, and other authorities, that the proofs of claim filed by the movants in this proceeding were invalid. Therefore, the movants have not shown any cause which would merit the lifting of stay. The Motion to Lift Stay is DENIED.