**In re ALLEGHENY INTERNATIONAL, INC., Sunbeam Corporation, Sunbeam Holdings, Inc., Almet/Lawnlite, Inc., and Chemetron Corporation, Debtors.**

**Bankruptcy No. 88–448.**
**Motion No. 88–2796M.**

United States Bankruptcy Court,
W.D. Pennsylvania.

Sept. 23, 1988.

Stephen I. Goldring, Asst. U.S. Trustee, W.D. Pa., Pittsburgh, Pa., for U.S. Trustee.

Robert G. Sable, Lampl, Sable, Makoroff & Libenson, Pittsburgh, Pa., for The Official Committee of Unsecured Creditors for Allegheny Intern., Inc.

David A. Murdoch, Kirkpatrick & Lockhart, Pittsburgh, Pa., for Mellon Bank Group.

Douglas A. Campbell, Campbell & Levine, Pittsburgh, Pa., for The Official Committee of Unsecured Creditors for Sunbeam.

M. Bruce McCullough, Buchanan Ingersoll, P.C., Pittsburgh, Pa., for debtors.

Samuel H. Iapalucci, Vice President and Treasurer, Allegheny Intern., Inc., Pittsburgh, Pa., Allegheny International, Inc.

Richard S. Toder, Zalkin, Rodin & Goodman, New York City, for Chemical Bank.

Denis F. Cronin, Wachtell, Lipton, Rosen & Katz, New York City, for Marine Midland Bank, N.A.

Security Exchange Com'n, New York City, for Securities & Exchange Com'n.

Gary L. Blum, Reavis & McGrath, New York City, for Official Committee of Equity Sec. Holders.

Joel Walker, Pollard, Walker & Vollmer, Pittsburgh, Pa., for Prudential Capital Inv. and Prudential Ins. Co. of America.

Richard A. Gitlin, Hebb & Gitlin, P.C., Hartford, Conn., for The Aetna Cas. and Sur. Co., The Equitable Life Assur. Soc. of the U.S., Teachers Ins. and Annuity Ass'n, The Travelers Ins. Co., New York Life Ins. Co., Equitable Cas. Co., Connecticut Mut. Life Ins. Co. and Aetna Life Ins. Co. of Illinois.

Richard A. Finberg, Berger, Kapetan, Malakoff & Meyers, P.C., Pittsburgh, Pa., Ann Miller, Greenfield & Chimicles, Haverford, Pa., for plaintiff class.

## MEMORANDUM OPINION

JOSEPH L. COSETTI, Bankruptcy Judge.

This matter comes before the court by the Motion for an Order that Proof of Claim be Allowed on Class Wide Basis and for Expedited Disposition of this Motion (the "Motion to Allow Class Claim"). The moving parties are the named plaintiffs in a class action, *In re Allegheny International, Inc. Shareholders Litigation,* at Civil Action No. 86–835 ("the class action") in the United States District Court for the Western District of Pennsylvania. By a Memorandum Opinion and Order of Court, dated May 31, 1988, this court deemed as filed a proof of claim by the class in the class action until such time as the court ruled on the Motion to Allow Class Claim. Although several parties requested oral argument on this matter, in the interest of containing administrative expenses, the court declines to allow argument. Rather, the court has relied on the thorough and illustrative briefs and/or memoranda submitted by various parties. The court now

denies the Motion to Allow Class Claim. The individual claimants who comprise the class certified in the class action must file a proof of claim within 60 days from the date of this opinion and order.

The court does not decide the merits of the class action, the priority of the claims asserted in the class action, or whether such claims are subject to subordination.

On February 20, 1988, Allegheny International, Inc. ("Allegheny International"), Sunbeam Corporation, Sunbeam Holdings, Inc., Almet/Lawnlite, Inc., and Chemetron Corporation filed petitions for reorganization under chapter 11 of the Bankruptcy Code. Fourteen other subsidiaries of Allegheny International filed for relief under chapter 11 on May 3, 1988. In 1986, the moving parties instituted the class action, alleging violations of federal securities laws. By stipulation of the parties, on December 10, 1987, the district court certified a class consisting of persons who purchased, and sustained damage as a result thereof, (1) common stock from October 9, 1985 to April 18, 1986; (2) $11.25 convertible preferred stock from October 9, 1985 to April 18, 1986; or, (3) 10.4% subordinates debentures from October 9, 1985 to April 18, 1986 (the "class").[1] The moving parties now seek permission to file a proof of claim on behalf of the class.

With few exceptions, courts which have considered class claims in bankruptcy have disallowed them as inconsistent with the Bankruptcy Code. *Sheftelman v. Standard Metals Corp. (In re Standard Metals Corp.),* 817 F.2d 625 (10th Cir.1987), *rev'd on rehearing on other grounds, Sheftelman v. Standard Metals Corp.,* 839 F.2d 1383 (10th Cir.1987), *petition for certiorari filed,* No. 88–243, August 8, 1988; *Dade County School District v. Johns–Manville Corp. (In re Johns–Manville),* 53 B.R. 346 (Bankr.S.D.N.Y.1985); *In re Baldwin–United Corp.,* 52 B.R. 146 (Bankr.S.D. Ohio 1985); *In re Computer Services, Inc.,* 51 Bankr. 471 (Bankr.D.

---

**1.** The class excludes Allegheny International, present or former senior officers of Allegheny International, and present or former directors of Allegheny International, their immediate families, legal representatives, heirs, successors or assigns, and any entities in which Allegheny International has a controlling interest.

Mass.1985). The Bankruptcy Code and the Bankruptcy Rules envision that each individual claimant will file a proof of claim. Except for indenture trustees, who may file class proofs of claim, Bankruptcy Rule 3003(c)(5), neither the Code nor the Rules explicitly provides for the filing of a class proof of claim. *In re Johns–Manville*, 53 B.R. 346; *In re Baldwin–United*, 52 B.R. 146; *In re Computer Services*, 51 B.R. 471.

The class representatives and the Securities and Exchange Commission ("SEC") rely on *In re American Reserve Corp.* 840 F.2d 487 (7th Cir.1988), as support for the allowance of class claims in bankruptcy. In *In re American Reserve*, the court of appeals observed that "[p]resumptively . . . representational litigation is available in federal courts," unless "a 'clear expression of congressional intent' terminates the ability to file representative actions under Rule 23." *Id.* at 490 (quoting *Califano v. Yamasaki*, 442 U.S. 682, 700, 99 S.Ct. 2545, 2557, 61 L.Ed.2d 176 (1979)). Operating under the presumption that a class was available, the court of appeals considered who may file a claim, pursuant to 11 U.S.C. § 501. The court recognized that 11 U.S.C. § 501 permits filings by representative parties in four situations: "by an indenture trustee on behalf of a bondholder, a bankrupt's co-debtor or guarantor on behalf of a creditor, and a bankrupt on behalf of a creditor." *In re American Reserve*, 840 F.2d at 492. However, the court remarked that the statute is silent on other representative filings:

> Why should we infer from the list of ways to do something that there are no others? . . . A list of four ways may imply only that Congress has yet to consider whether there should be others.

> . . . . .

Neither the legislative body nor the structure of the 1978 Code suggest that the list in § 501 is exclusive. The history is silent—on class actions, on representative claims in general.

The court of appeals analogized to *Califano v. Yamasaki*, 442 U.S. 682, 99 S.Ct. 2545. That decision allowed class litigation under the Social Security Act, notwithstanding the relevant statutory provision "that an 'individual' may obtain review by filing a civil action." *In re American Reserve*, 840 F.2d at 492–93. In this connection, the court of appeals noted that the "structure of § 501 is not fundamentally different," *Id.* at 493, from the portion of the Social Security Act which the Supreme Court construed in *Califano v. Yamasaki*. The court of appeals also concluded that if section 501 was exclusive, then Rule 3001(b), which permits filing by an authorized agent, would be obviated.

■ We respectfully disagree with the conclusion of *In re American Reserve* that 11 U.S.C. § 501 is only illustrative—and not exhaustive—as to who may file a proof of claim. Section 501 of the Bankruptcy Code, 11 U.S.C. § 501, states in pertinent part, as follows:

> (a) A creditor or an indenture trustee may file a proof of claim. An equity security holder may file a proof of interest.

> (b) If a creditor does not timely file a proof of such creditor's claim, an entity that is liable to such creditor with the debtor, or that has secured such creditor, may file a proof of such claim.

> (c) If a creditor does not timely file a proof of such creditor's claim, the debtor or the trustee may file a proof of such claim.

On its face, section 501 does not provide for class proofs of claims.

In *In re Baldwin United*, 52 B.R. 146, a case also involving alleged securities fraud, the bankruptcy court examined who is a creditor entitled to file a claim pursuant to 11 U.S.C. § 501(a).[2] The court concluded that the putative class was not a creditor,

---

**2.** *In re Baldwin United* is factually similar to the instant case. The parties seeking to file a class claim had been conditionally certified as a class representative in a securities fraud case when the debtor filed for relief. The putative class consisted of approximately 19,000 entities encompassing purchasers of the debtor's common and preferred stock, subordinated debentures, and certain other debentures.

within the context of the Bankruptcy Code, entitled to file a claim:

A 'creditor' is defined as 'an entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor.' 11 U.S.C. § 101(9)(A). An 'entity' is then defined as a 'person, estate, trust, and governmental unit.' 11 U.S.C. § 101(14). 'Person' is then defined in § 101(33) as including 'individual, partnership, and corporation, but does not include governmental unit.' Nowhere in the Code is 'creditor' defined as a class or 'representative' of a group or class.

*In re Baldwin–United,* 52 B.R. at 148. We find the reasoning of the bankruptcy court in *In re Baldwin–United* sound.

Several other courts have interpreted section 501 as an exclusive list of who may file claims, thus barring class claims. *E.g., In re Standard Metals,* 817 F.2d 625, *In re Johns–Manville,* 53 B.R. 346. We also agree with those cases. Section 501 simply does not provide for a class of creditors to file a proof of claim through a self-appointed representative or for such a representative to file on behalf of such a class. Neither do the relevant definitions in section 101, 11 U.S.C. § 101, encompass a "class" or "class representative." *In re Baldwin–United,* 52 B.R. 146. By allowing only certain types of representative claims, Congress clearly indicated that it was aware of them. Had Congress intended to allow others, it would have said so.

Moreover, class proofs of claim contradict various Bankruptcy Rules. Rule 3001(b) states that a claim can be filed only by "the creditor or the creditor's authorized agent." In fact, the SEC argues in the instant case that the class representatives are agents of the putative class, and are thus entitled to file a proof of claim on behalf of the entire class. However, Rule 2019(a) requires that every person who represents more than one creditor to "file a verified statement setting forth (1) the name and address of the creditor or equity security holder; (2) the nature and amount of the claim or interest ...; (3) a recital of the pertinent facts and circumstances in connection with the employment of the entity...." A class representative inherently cannot comply with this rule. We think that these rules read in pari materia with section 501 are a clear indication that Congress has not authorized class proofs of claim.

We also disagree with the seventh circuit's reliance on *Califano v. Yamasaki.* It should be remembered that the Supreme Court construed an entirely different statutory scheme in *Yamasaki.* Notwithstanding the broad language of *Yamasaki* regarding the applicability of class litigation, numerous other federal statutory schemes, which require individuals to file their own claims or otherwise affirmatively "opt in" to representative litigation, remain intact. *See e.g.,* 29 U.S.C. § 216(b) (Although an employee may bring an action on behalf of similarly situated employees to recover unpaid minimum wages or overtime compensation, "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court....").

The moving parties also rely on *In re American Reserve* for support of their contention that class proofs of claim are allowed by the Bankruptcy Rules. Bankruptcy Rule 7023 makes Fed.R.Civ.P. 23 applicable to bankruptcy adversary proceedings. Bankruptcy Rule 9014 grants discretion to the court to use part VII of the Bankruptcy Rules (which includes Rule 7023) in contested matters. The court of appeals in *In re American Reserve* reasoned that "[r]ule 9014 thus allows bankruptcy judges to apply Rule 7023—and thereby Fed.R.Civ.P. 23, the class action rule—to 'any stage' in contested matters. Filing a proof of claim is a 'stage'." *In re American Reserve,* 840 F.2d at 488. The seventh circuit's analysis envisions a multistep procedure. First, somebody will file a proof of claim on behalf of a class. The class proof of claim will then generate an objection to the claim, which is a contested matter. Thus the filing of a proof of claim becomes a "stage" in a contested matter. The court will exercise its discretion to use Rule 7023, pursuant to Rule 9014. Apply-

ing Fed.R.Civ.P. 23 via Bankruptcy Rule 7023, the court will then allow a class proof of claim.

■ Again, we must respectfully decline to follow the reasoning of the seventh circuit. Bankruptcy Rule 7023, read together with Rule 9014, applies Fed.R.Civ.P. 23 to contested matters only when properly filed claims are involved. *In re Standard Metals*, 817 F.2d 625; *In re Baldwin United*, 52 B.R. 146; *In re Grocerland Cooperative*, 32 B.R. 427 (Bankr.N.D.Ill.1983). The process contemplated by the court of appeals in *In re American Reserve* constitutes "bootstrapping." Rather, we concur with the bankruptcy court in *In re Baldwin United*, which recognized the correct nexus between Bankruptcy Rules 7023 and 9014 and class claims: "We do not believe, and have found no authority for, the proposition that by triggering a contested matter, the Debtors' objections to claims can serve to retroactively legitimize an otherwise unauthorized proof of claim." *In re Baldwin United*, 52 B.R. at 159.

■ We do not think that class proofs of claim are an inherently bad idea. We are sympathetic to the equitable arguments raised in favor of them. It is unrealistic to believe that all members of the putative class were aware of the bar date, or even of the chapter 11 filing. Because the claim asserted by the class representatives is abstract in comparison to the claims of trade creditors or financial institutions, members of the putative class may not have realized the need to file proofs of claim. If there is merit to the class action, other creditors may receive a windfall, to the extent that individual class members have not filed proofs of claims. Rightful claimants may be deprived of their claims. These inequities could be eliminated by allowing a class proof of claim, but Congress has not empowered us to do so.