In re BICOASTAL CORPORATION, d/b/a Simuflite, f/k/a the Singer Company, Debtor.

**Bankruptcy No. 89–8191–8P1.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Oct. 16, 1991.

Harley E. Riedel, Donald E. Engle, for debtor.

William M. Goldman, for Creditor's Committee.

Herbert E. Milstein, for R. Plestina and Quelah Corp.

Keith P. Ellison, for Mesa Holding Ltd.

James A. Gresser, for U.S.

Douglas McClurg, for CAE Industries Ltd. and CAE Link Corp.

Stanley M. Grossman, for Lillian Rauch.

## ORDER ON MOTION FOR CLASS CERTIFICATION

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 11 case filed by Bicoastal Corporation, d/b/a Simüflite, f/k/a The Singer Company (Debtor), a case which is still in the preconfirmation stage.

The matter under consideration is a Motion for Class Certification filed by Richard J. Plestina and Quelah Corporation Northwest Salary Reduction Profit Sharing Plan (Claimants). The Motion seeks an order certifying a class consisting of all persons who purchased $3.50 cumulative preferred stock of Singer, the predecessor-in-interest of the Debtor, during the period from January 1, 1980 through March 14, 1989, and who still held the stock on March 14, 1989. In addition, the Claimants also request that the Court designate a proper representative of the class. The Motion is vigorously opposed by the Debtor, who contends that the Motion filed by the Claimants is without merit and should be denied for reasons set forth in greater detail below.

The procedural background of the matter under consideration is without dispute, and a brief recap of the relevant facts as they appear from the record should be helpful to place the controversy in proper focus, and they are as follows:

In March, 1989, the Claimants filed a Complaint in the United States District Court for the District of Maryland entitled "Class Action Complaint and Demand for Jury Trial." The Complaint failed to state the specific amount they sought to recover in their Complaint, although the Complaint contained a statement that the claim was believed to be for several million dollars. On August 23, 1989, the Claimants filed a Motion for Class Certification in Maryland District Court; however, before the Motion was considered by the District Court, the Debtor filed its Petition for Relief in this Court on November 10, 1989, which, of course, stayed all further proceedings in the District Court in Maryland. Consequently, the class was never certified by the District Court pursuant to Fed.R.Civ. Pro. 23(b)(3).

On November 30, 1989, this Court entered an order fixing a bar date for the filing claims against the Debtor's estate. This order, as amended, fixed January 31, 1990 as "the last day on or by which all entities, including individuals, partnerships, corporations, estates, trusts and governmental units which hold a claim [as defined in 11 U.S.C. § 101(4)] against the debtor based upon the Debtor's primary or secondary, direct or indirect, secured or unsecured, contingent, guaranty or indemnification liability, stock ownership *or claim* or equity interest *relating in any way to the Debtor's stock or arising from a rescission of a purchase or sale, or the purchase or sale, of the Debtor's common stock ... as referred to in 11 U.S.C. § 510(b) or for or on account of any alleged obligation or liability of the Debtor whatsoever* ... which claim arose on or before November 10, 1989 ..." (Emphasis added).

Notice of the bar date was mailed to all parties of interest, including the Claimants. Notice of the bar date was also published in numerous newspapers, including the Wall Street Journal, New York Times, Washington Post and Los Angeles Times.

The Claimants filed a Proof of Claim (No. 63) on January 11, 1990. The only exhibit attached to the claim was a copy of the Complaint filed in the Maryland District Court. The claim was not accompanied by a verified statement which is required by Bankruptcy Rule 2019 when an entity represents more than one creditor.

On September 21, 1990, the Debtor filed an Objection to Claim No. 63 denying liability to Claimants. Notice of hearing was properly mailed by the Clerk of the Bankruptcy Court, which scheduled a hearing on the Debtor's Objection to Claim No. 63 for October 31, 1990. Counsel for the Claimants did not appear at the October 31, 1990 hearing. The Court, having considered the claim and having heard the comments of counsel for the Debtor, entered an Order on November 20, 1990 which sustained the Debtor's Objection and disallowed Claim No. 63 in its entirety. On December 7, 1990, the Claimants filed a Motion for Reconsideration of the Order disallowing Claim No. 63. In due course, the Motion for Reconsideration was heard, and on January 29, 1991, this Court entered an Order Vacating the Order Disallowing Claim No. 63 and the Court rescheduled a hearing to consider the merits of the Debtor's Objection to Claim No. 63. As of the date of the hearing, the Claimants had only filed their Motion for Reconsideration and Motion for Continuance, but nothing else until April 29, 1991, when they filed the Motion for Class Certification presently under consideration.

At the duly scheduled pretrial conference, the Court announced that since the claim is, on its face, an unliquidated claim, it cannot be allowed by virtue of § 502(c) of the Bankruptcy Code unless it is either liquidated or estimated. The Court had also announced that before the claim would be liquidated or estimated, the Court would consider the timeliness and the procedural propriety of the Motion for Class Certification, and also whether the Court should exercise its discretion to permit the application of Fed.R.Civ.Pro. 23 as adopted by Bankruptcy Rule 7023.

In support of its objection, the Debtor points out the following:

(a) Class proofs of claim for securities violations were precluded by this Court's bar date order of November 30, 1989, which required all equity security holders to individually file any claim by the January 31, 1990 bar date;

(b) Bankruptcy Rule 7023 is not applicable to contested matters unless ordered by the Bankruptcy Court under Rule 9014. No Rule 9014 motion has been filed; nor have other procedural requirements for a class claim been met;

(c) The motion for class certification was untimely; and

(d) The court in its discretion should refuse to make Bankruptcy Rule 7023 applicable to this matter.

Based on the undisputed record, this Court is satisfied that the Debtor's objection to the Claimants' Motion is well taken

and the Motion should be denied for the following reasons:

■ First, it is without dispute that the "members" of the purported class received more than ample and adequate notice of the bar date, and they nevertheless failed to timely file their respective claims. Clearly they are now barred to present their individual claims; to permit the Claimants to file a claim as members of a class would enable them to accomplish indirectly what they could not accomplish directly.

■ Second, a challenge to the allowance of a claim is clearly a contested matter governed by Bankruptcy Rule 9014. This Rule provides that certain rules of Part VII are applicable to contested matters. Bankruptcy Rule 7023 is not one of them and will not be applicable unless a motion to make applicable is filed timely and the Motion is granted.

■ Third, even assuming that under certain circumstances it is appropriate to recognize a claim filed on behalf of a class, *In re Charter*, 876 F.2d 866 (11th Cir.1989), *cf. In the matter of GAC Corp.*, 681 F.2d 1295 (11th Cir.1982); *In the matter of Baldwin–United Corp.*, 52 B.R. 146 (Bankr.S.D.Ohio 1985); *In re Johns–Manville Corp.*, 53 B.R. 346 (Bankr. S.D.N.Y.1985), before a class claim may be filed and a class representative is recognized, an Order directing that Bankruptcy Rule 7023 shall be applied to the proceeding must be sought and obtained. It is without dispute that these Claimants have yet to file a Motion to make Bankruptcy Rule 7023 applicable to their claims.

■ Fourth, even assuming that this oversight is curable and is not fatal, the Claimants still should not be permitted to file such a belated Motion, and this Court is satisfied that the Claimants' Motion under consideration should be denied for additional and more substantive reasons.

The subject matter of filing a proof of claim and interest is dealt with in § 501 of the Bankruptcy Code. The proper procedure for filing claims in Chapter 11 cases is covered by Bankruptcy Rule 3003(c). Neither § 501 of the Bankruptcy Code nor Bankruptcy Rule 3003(c) expressly permits the filing of a Proof of Claim on behalf of a class. Bankruptcy Rule 3001(a) requires that a Proof of Claim be in writing, and Bankruptcy Rule 3001(b) requires that it be executed by the creditor or the creditor's authorized agent, with some exception not relevant here. This Court is not unmindful that recently developed case law in this Circuit permits the filing of a Proof of Claim on behalf of a class, under certain circumstances. *In re Charter Co., supra,*. However, even under *Charter*, the members of a class who desired to file a Proof of Claim had to have filed a Motion to apply Bankruptcy Rule 7023 promptly. It is noteworthy that the 11th Circuit, which decided *Charter*, also held that where the Claimant did not file a motion requesting that Bankruptcy Rule 7023 be made applicable, and where the Bankruptcy Court did not so direct, "in the absence of such application a class proof of claim could not properly be permitted." *In re GAC Corp.*, 681 F.2d 1295, 1299 (11th Cir.1982). See also *In re Zenith Laboratories, Inc.*, 104 B.R. 659 (D.N.J.1989), where the District Court denied the relief requested because the movant "has not petitioned the bankruptcy court to apply Rule 23 to this matter nor sought class certification." According to the court in *Zenith*, such application of Rule 23 is essential, even where the class had been certified prior to the bankruptcy, since "there may be other factors in the bankruptcy proceeding that make class certification there less compelling and it may be possible that a different result might be appropriate." *In re Zenith* at 664 *citing, In re American Reserve Corp.*, 840 F.2d 487, 493–94 (11th Cir.1989).

Even assuming that this Court is inclined to grant the Motion and is willing to order the application of Bankruptcy Rule 7023 to this contested matter, the question still remains whether or not such Motion should be granted, even if filed, in light of the fact that such Motion would be an untimely request to apply Bankruptcy Rule 7023. While Bankruptcy Rule 7023(c)(1) does not set a specific bar date for filing a Motion to

establish the procedure for class actions, there is hardly any doubt that such a Motion shall be filed as soon as practicable after the commencement of the suit.

■ Illustrative of how this prompt determination is implemented is Local Rule 404 of the District Court for the Middle District of Florida, which requires that any Motion to Certify a Class Action be filed within ninety days after commencement of an action, unless the time period is extended for cause shown. Other districts have similar rules. Thus, though the local Bankruptcy Rules did not contain such a provision, the logic supporting the ninety-day rule is persuasive. This approach was adopted by the Bankruptcy Court for Eastern District of Pennsylvania in *In re Fleet*, 76 B.R. 1001, 1005 (Bankr.E.D.Pa.1987).

What we can deduce from these local rules, even if they are not strictly applicable here, is that courts confronted with class motions have a mandate to see that such motions are presented, per Federal Rules of Civil Procedures 23(c)(1), 'as soon as practicable,' and that a ninety-day period is considered a sufficient time, in normal circumstances, to do so.

■ In the present instance, the original Claim filed by Claimants was certainly timely filed. It is equally true that until the Debtor interposed an objection to the Claim, it was not a contested matter covered by Bankruptcy Rule 9014. However, as soon as the Objection to Claim was filed on September 21, 1990, the Claimants were under an obligation to promptly seek an order directing the application of Bankruptcy Rule 7023. If one applies the ninety-day rule, of course, this time period would have expired on December 21, 1990. No Motion was filed during this time period and this is significant because the Claimants learned during this three-month period that their Claim had been initially disallowed and they still failed to take any affirmative action to seek and obtain class certification. The significance of this point was highlighted in *In Reid v. White Motor Corp.*, 886 F.2d 1462, 1472 (6th Cir.1989), where the 6th Circuit Court of Appeals distin-

guished the facts in *Reid* from those involved in *Charter, supra*:

In *In re The Charter Co.*, the appellants had filed a motion pursuant to Rule 9014 to invoke Rule 7023 *immediately* after the trustee objected to their class proof of claim. In contrast, Reid filed a motion pursuant to Rule 9014, on July 22, 1985, *after* the bankruptcy court had granted the Trustee's motion for summary judgment *dismissing* Reid's purported class proof of claim.

■ The fact of the matter is that the Claimants failed to offer any explanation for the delay of over fifteen months to seek a class certification, and this alone is sufficient to conclude that they are barred by the doctrine of laches to seek certification of the Claim at this late date. *In re St. Mary Hospital*, 97 B.R. 199 (Bankr.E.D.Pa. 1989).

■ One last comment. As noted earlier, Bankruptcy Rule 9014 makes certain rules of Part VII, which governs adversary proceedings, applicable to contested matters, and provides that the Court may, at any stage in a particular matter, direct that one or more of the other rules of Part VII shall apply. Thus, Bankruptcy Rule 9014 provides that this Court, in its discretion, may or may not order the application of Bankruptcy Rule 7023 to the proceeding involving the Debtor's objection to the Claimants' claim. As noted by the Court in *Reid, supra*, Bankruptcy Rule 9014 delegates wide discretion to the Bankruptcy Judge in considering certification of class proofs of claim pursuant to Bankruptcy Rule 7023 in a contested matter.

In the present instance, the gravamen of the claim sought to be asserted by the Claimants is that the Debtor overcharged the U.S. Government by at least $77 million by falsifying cost estimates on certain contracts it had for the construction of flight simulators for the Government. The Claimants contend that as a result of these overcharges, the revenues of the Debtor and its earnings were materially overstated and the non-disclosure of these overcharges caused the price of the senior preferred stock to inflate. As a result, the

stock which the members of the putative class purchased was overpriced, causing them damages which is the basis of their claim.

This Court takes judicial notice that the Defense Logistic Agency (DLA) of the United States has currently pending before this Court a Proof of Claim based on the very same allegations set forth in the Complaint filed by Claimants in the Maryland District Court. The claim of DLA is challenged by the Debtor and is currently subject to estimation by this Court. In addition, the Debtor also claims that in the event it is liable to the Government, it would be entitled to any losses which it may suffer as a result of the Government claim by virtue of an indemnification provision in its contract with CAE Industries, Ltd. and CAE–Link Corp. It is logical to conclude it would not make any sense to get embroiled in a class action until the claim of the DLA and the Debtor's claim for indemnity is resolved, which certainly would substantially delay the resolution of the class claim. More importantly, however, § 510(b) of the Bankruptcy Code provides that:

> For the purpose of distribution under this title, a claim arising from rescission of a purchase or sale of a security of the debtor or of an affiliate of the debtor, for damages arising from the purchase or sale of such a security, or for reimbursement or contribution allowed under section 502 on account of such a claim, shall be subordinated to all claims or interests that are senior to or equal to the claim or interest represented by such security, except that if such security is common stock, such claim has the same priority as common stock.

■ By virtue of this provision, it is clear that any claim the Claimants might ultimately establish on their own behalf or on behalf of the putative class must be subordinated to all unsecured and secured claims, and also to the equity interest of the senior preferred stockholders. This Court takes judicial notice of the fact that Lillian Rauch brought a class action on behalf of similar class, which class was certified by the New Jersey District Court, and which claim is now settled and is awaiting approval by this Court. Under the Rauch settlement, the senior preferred stockholders will be paid approximately $25–30 million on a subordinated basis in redemption of their preferred stock. While the feasibility of the settlement is yet to be determined, it is clear that if it is approved, all these payments will have to be made prior to any payments for damages if and when Claimants and the members of this putative class, if a class is certified, will recover. Considering the totality of the relevant circumstances, the fact that Claimants have yet to request, pursuant to Bankruptcy Rule 9014, an Order applying Bankruptcy Rule 7023, this Court is of the opinion that the lack of diligence and the disregard of procedural requirements would more than warrant the conclusion that the present Motion is without merit and should be denied.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Class Certification filed by Richard J. Plestina and Quelah Corporation Northwest Salary Reduction Profit Sharing Plan be, and the same is hereby, denied.

DONE AND ORDERED.