James A. WILSON, Harry F. Eisele, Irene Baluk, Walter P. Murphy, William L. Lockett, Joel A. Kurtz, Joann Lowery, C. Lee Joseph, Edward L. Longacre, Robert R. Nauheimer, Linda Armstrong, Gloria M. Kohs, James C. Mysicka, George C. Theoharis, Robert T. Barta, Robert Brewer, Helen Lanzisera, Richard H. Breaker, Buddy Lee Crumpacker, Peter Schmitz, Thomas Stob, Jr., Ralph C. Stern, Robert J. Augustine, Barron C. Redmond, Plaintiffs,

v.

ALLEGHENY INTERNATIONAL, INC., Sunbeam Corporation, Defendants.

No. 83 C 9254.

United States District Court, N.D. Illinois, E.D.

Nov. 27, 1991.

---

Charles Pressman, Bertrand A. Rice, Charles Pressman, P.C., Chicago, Ill., for plaintiffs.

William E. Kelly, Adrianne Clarise Mazura, Pope, Ballard, Shepard & Fowle, Ltd., Charles Robert McKirdy, Rudnick & Wolfe, Chicago, Ill., for defendants.

## ORDER

NORGLE, District Judge.

Allegheny International, Incorporated and Sunbeam Corporation (collectively "defendants") have moved, pursuant to 11 U.S.C. §§ 524(a), 1141(d)(1), to dismiss the third amended complaint of the class plaintiffs for failure to assert a claim as required by that statute. For the reasons that follow, the motion is granted.

## FACTS

Plaintiffs represent a class of former employees of Sunbeam Corporation or Sunbeam Appliance Company. The class was certified on December 12, 1986, and defined as:

> All former employees of the defendant Sunbeam Corporation or of Sunbeam Appliance Company who left that employment in December, 1983, who prior to leaving were qualified to continue in the positions they then held, who participated in the Sunbeam Salaried Employees Pension Plan and had completed at least 10 years of vesting service apiece under that plan by December 31, 1983, and were given the choice either to leave their jobs at Sunbeam on or before December 31, 1983, or to lose their options to receive retirement benefits from contributions before January 1, 1984, in the form of a lump sum.

*Wilson v. Allegheny Int'l, Inc.*, No. 83 C 9254, 1986 WL 14665 (N.D.Ill. Dec. 12, 1986) (order certifying class). These class members collectively allege that an amendment to a Sunbeam pension plan violated the Age Discrimination in Employment Act (29 U.S.C. § 621 *et seq.*) and the Employee Retirement Income Security Act (29 U.S.C. § 1001 *et seq.*).

In February 1988, defendants sought protection under Chapter 11 of the United States Bankruptcy Code (11 U.S.C. § 101 *et seq.*) in the Western District of Pennsylvania. Twenty-two months later defendants filed a Joint Stock Plan of organization ("Plan") which was confirmed by the Bankruptcy Court on July 12, 1990 and held to

be effective as of September 28, 1990. *See In re Allegheny Int'l, Inc.*, 118 B.R. 282 (Bankr.W.D.Pa.1990) (after partial reconsideration). The Plan defined a disputed claim as one in which "proof [of claim] has been timely filed," an objection has been interposed, and such objection has not been settled by a final order of the Bankruptcy Court. Plan, ¶ 1.39(i)–(iii). The Plan was approved containing the following provision:

> Except as otherwise provided in the Plan or in the Confirmation Order, entry of the Confirmation order acts as a discharge as of the Effective Date of all debts of, Claims against, and all liens and interests in each of the Debtors or any of their assets or properties that arose at any time before the entry of the Confirmation Order....

Plan, ¶ 8.01(a).

Although plaintiffs' counsel attempted to file a proof of claim on behalf of all class members, the Bankruptcy Court expunged that claim. *See In re Allegheny Int'l, Inc.*, 94 B.R. 877 (Bankr.W.D.Pa.1988). Plaintiffs' counsel appealed that decision to the District Court. However, the District Court dismissed the appeal as untimely, and the Third Circuit affirmed that holding in an unpublished opinion. *In re Allegheny Int'l, Inc.*, 925 F.2d 415 (3d Cir.1991). Subsequently, the Bankruptcy Court extended the date in which individual class members were required to submit proofs and further ordered notices sent to all class members informing each of the extension and the potential expungment of their claim for failure to file a notice of proof of

claim. *In re Allegheny Int'l, Inc.*, 94 B.R. 877 (Bankr.W.D.Pa.1988). The notice also gave the name of the attorney to contact to file a proof. *Id.* Thirty-one class plaintiffs filed timely proofs.[1] Now defendants move to have the remainder of the class plaintiffs, those who did not file proofs of claim, dismissed for their failure to file timely proofs as required under Plan paragraph 8.01(a) and Sections 524(a) and 1141(d)(1) of the Bankruptcy Code.

## DISCUSSION

■ The Bankruptcy Courts have the power to enjoin actions by creditors when it is necessary to insure the successful reorganization of the debtor. *In re Energy Coop., Inc.*, 886 F.2d 921 (7th Cir.1989); *In re Ionosphere Clubs Inc.*, 124 B.R. 635 (S.D.N.Y.1991). Although this power does not include the authority to require creditors to file proofs of claim, the only claims allowed to share in the bankrupt's estate are those for which proofs have been filed. 11 U.S.C. §§ 501, 502.

■ In the present case, the Bankruptcy Court acted well within its sphere of discretion. That court required all claimants to file proofs of claim. Every class member was individually notified of this requirement. Because the class attorneys failed to file a proper claim for the entire class, each individual class member was shouldered with the responsibility of objecting for his or her own claim. More than thirty individuals filed proofs of claim. Those that have not, are properly barred from

---

1. The thirty-one class plaintiffs to file timely proofs are:

Francis T. Albaugh
Irene M. Baluk
Bernard Bluestein
Frank Boswell
John J. Bresnahan
Donald L. Barnard
Theora M. Berggren
Vera Carter
Harry Franklin Eisele
George C. Findlay
Clemmie Lee Joseph
Walter J. Kinley
Allen R. Klomps
Anatol Krezko
Helen D. Lanzisera

Robert C. Larko
William Lee Lockett
Edward L. Longacre
John C. McNeil
Anthony Monico
Betty Jane Murphy
Robert Richard Nauheimer
Edwin Orzechowski
Ralph Charles Stern
Donald P. Rung
George C. Theoharis
Robert R. Smith
James Alan Wilson
Norbert E. Stainbrook
Richard K. Stephenson
Eloise N. Tomlin

pursuing a claim in the Bankruptcy Court. 11 U.S.C. § 502.

■ Class plaintiffs do not seriously dispute the propriety of this result. Rather, they contend that this civil case only serves as a vehicle to determine the liability of bankrupt defendants with the ultimate defendant being the insurer of the presently-named defendants. As a result, they contend that the complaint does not violate the injunctive provisions of the Bankruptcy Code or the Plan.

Courts have repeatedly sustained the rights of a creditor to reduce a discharged debt to judgment in order to collect that judgment against the insurer. *In re Walker*, 927 F.2d 1138 (10th Cir.1991); *In re Peterson*, 118 B.R. 801 (Bankr. D.N.M.1990). If this were not the case, the insurer would profit by insuring worthless enterprises with the hopes of hiding behind the strictures of the bankruptcy laws and keeping the profits from the premiums charged. However, proceeding against the insured only to determine its liability is only allowed when the bankrupt-defendant has virtually nonexistent potential liability for the outstanding debt. *In re Fernstrom Storage and Van Co.*, 938 F.2d 731 (7th Cir.1991). On the facts before the court in this matter, that is not the case.

Class plaintiffs cite several cases for support of their position that those not filing proofs of claim should not be barred. However, each case cited concerned relief from the automatic stay provisions of the Bankruptcy Code when the plaintiff had stipulated that he sought no assets from the debtor, only the debtor's insurer. For example, *In re Jet Florida Sys., Inc.*, 883 F.2d 970 (11th Cir.1989), concerned a defamation case brought by former Jet Florida employee Tracy Owaski. Owaski filed a proof of claim for unpaid wages after Jet Florida declared bankruptcy, but filed no proof of claim for his defamation suit. He conceded that he could not proceed against the bankrupt and agreed not to seek assets from the company in his suit. *Id.* at 973.

Therefore, the court held Owaski would not be barred from proceeding as the litigation was only to determine the amount of liability of the insured-bankrupt-defendant, not to seek monies from the same. *Id.* at 974.

That is not the case here. Simply stated, there is no indication, statement, or stipulation by class plaintiffs that they only seek to determine the liability of the bankrupt defendants. Indeed, their pleadings indicate that the insurance coverage might be incomplete, leaving the insured potentially exposed to large liability. *See* Plaintiff's Memorandum in Opposition to Motion to Dismiss at 2 (defendants were insured against *some* or all of the occurrences) (emphasis added). Without any indication that class plaintiffs do not intend to seek monies from the debtors themselves, these claims are properly barred.[2] *See Jet Florida*, 883 F.2d at 974.

This conclusion is supported by the Seventh Circuit's recent decision of *In re Fernstrom Storage and Van Co.*, 938 F.2d 731 (7th Cir.1991). In that case the court held that failure to file a proof of claim by International Business Machines for a suit over a fire loss at the bankrupt's facilities was not a bar to the civil suit when all IBM sought was a declaration of liability of the bankrupt so as to enable IBM to collect insurance proceeds from the bankrupt's insurer. *Id.* at 733 (citing *Jet Florida*, 883 F.2d 970 (11th Cir.1989)). IBM stipulated that it only sought to recover the amount of the insurance coverage maintained by the bankrupt. Thus the claim was not barred. *Id.*

That is the critical difference here. There is no stipulation that class plaintiffs seek only to pursue a claim against the insured. In fact there is an indication to the contrary. That indication is so vital to *Fernstrom, Jet Florida,* their predecessors, and the Bankruptcy Code prohibitions, that without it, the claims must be barred.

Class plaintiffs take issue with this outcome. Illinois does not allow direct action

---

2. Class plaintiffs point to a proposed stipulation attached as an exhibit to their Response. The proposed stipulation has not been filed and has not been signed by all parties indicated. Therefore, the court will not consider it.

against an insurer. *Zegar v. Sears Roebuck & Co.*, 211 Ill.App.3d 1025, 156 Ill. Dec. 454, 570 N.E.2d 1176 (1st Dist.1991). Therefore, class plaintiffs claim they are left without a remedy. However, the statute and caselaw are clear, one may not seek funds from a bankrupt unless a proof of claim has been filed. 11 U.S.C. § 501(a); *Fernstrom*, 938 F.2d at 733; *Jet Florida*, 883 F.2d at 974. The rule applies unless plaintiffs only seek to determine liability of the insured-debtor, the debtor having no exposure to liability. *Fernstrom*, 938 F.2d at 733; *Jet Florida*, 883 F.2d at 974. In the instant action, class-plaintiffs do not establish that they only seek to determine the liability of the insured-debtor and, therefore, the action is properly barred.

Certain members of the class have failed to file proofs of claim. Nowhere in this suit is there a manifestation of an intent only to determine the liability of the insured-debtor. Therefore, those not filing proofs of claim are properly barred from recovery here.

### CONCLUSION

Only thirty-one of a class of individuals have chosen to file proofs of claim against the debtors in this action after being notified of the requirement to do so and the consequences of the failure. The order of the Bankruptcy Court required submission of proofs of claim by all plaintiffs. Therefore, those who have failed to file proofs are properly dismissed with prejudice as class plaintiffs from this civil action pursuant to 11 U.S.C. §§ 524, 1141(d)(1), and ¶ 8.01(a) of the Plan.

IT IS SO ORDERED.