[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiffs, Kevin and Kathryn Kelley, filed a two-count complaint against defendants, Christopher and Susan Mahard, on September 7, 1988. Generally, count one asserts that defendant Christopher Mahard improperly provided construction-related services to plaintiffs, and, due to defendant's alleged gross and reckless conduct, plaintiffs have suffered damage. The original complaint also contained a second count, a fraudulent conveyance claim; however, on December 20, 1991, plaintiffs withdrew count two as to defendant Christopher Mahard, and withdrew the action in its entirety as to defendant Susan Mahard.
On December 13, 1990, the Mahards filed a voluntary petition for bankruptcy pursuant to Chapter 7 of the Bankruptcy Code, and, on December 14, 1990, the United States Bankruptcy Court issued an order for relief. On June 13, 1991, the Mahards were released from all dischargeable debts.
Defendant filed his answer to the complaint on May 18, 1992, and, by way of special defense, he asserted the bankruptcy discharge as a bar to plaintiffs' cause of action. Plaintiffs filed a reply to the special defense on June 22, 1992. Subsequently, defendant moved for summary judgment, and plaintiffs have filed their memorandum in opposition. The pleadings are closed, and the matter is ripe for decision.
Summary judgment "`shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" (Citation omitted). Hammer v. Lumberman's Mutual Casualty Co.,214 Conn. 573, 578, 573 A.2d 699 (1990). "`[T]he party seeking summary judgment has the burden of showing the nonexistence of any material fact. . . .'" (Citation omitted). Connell v. Colwell, 214 Conn. 242, 246, 571 A.2d 116 (1990). "`[A] party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue.'" (Citations omitted). Id., 246. A "`genuine' issue . . . has been defined as one which can be maintained by substantial evidence," (citations omitted), United Oil Co. v. Urban Redevelopment Commission, 158 Conn. 364, 378, 260 A.2d 596 (1969), and a material fact is a fact which will make a difference in the outcome of the case. (Citation omitted). Catz v. Rubenstein, CT Page 9320201 Conn. 39, 48, 513 A.2d 98 (1986).
Defendant moves for summary judgment on the ground that the automatic stay provision of section 362(A)(1) of the Bankruptcy Code bars the continuation of "any judicial proceeding against the bankrupt debtor which was commenced prior to the filing of the petition." Defendant's Memorandum in Support, p. 3. He argues that the debt underlying this action has been discharged, and, pursuant to 11 U.S.C. § 524(d), the effect of a discharge is to legally relieve a debtor of all dischargeable obligations. Defendant observes that Section 727(A) of the Bankruptcy Code provides relief for potential creditors upon timely filing of a proper motion, however, defendant emphasizes that plaintiffs failed to file such a motion. Accordingly, defendant concludes that the court should grant his summary judgment motion.
Plaintiffs counter that the automatic stay provision terminates as a matter of law when the debtor is discharged, therefore, plaintiffs maintain that the automatic stay provision terminated as to the defendant on June 13, 1991, the date of defendant's discharge. Plaintiffs argue that a discharge in bankruptcy does not extinguish the actual debt, but merely acts to release the debtor from personal liability. Accordingly, plaintiffs maintain that, because the debt continues to exist, it is collectable from any other liable entity. Plaintiffs conclude that "[t]his court has complete authority to enter judgment which is limited to the point that it can only be collected as to Mr. Mahard's insurance company." Plaintiffs' Memorandum in Opposition, p. 4-5.
"The discharge of a debt pursuant to 727 [of the Bankruptcy Code] triggers the operation of 524, which protects the debtor from any personal liability on the debt." Green v. Welsh, 956 F.2d 30, 33 (2d Cir. 1992). In Green, the court noted that section 524(a) provides in relevant part that:
 A discharge in a case under this title — (1) voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged . . .;
(2) operates as an injunction against the CT Page 9321 commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor . . . .
(Emphasis provided by court). Id., 33. The court further observed that the relevant portion of section 524(e) provides that:
 Except as provided in subsection (a)(3) of this section, discharge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity for, such debt.
(Emphasis provided by court). Id.
One of the primary purposes of the Bankruptcy Code is to provide the debtor with an opportunity to pursue an economic fresh start, and the protection offered by the discharge injunction furthers this purpose. (Citations omitted). Green v. Welsh, supra, 33. However, "[t]he relief accorded the debtor by these provisions does not extend to other parties." Id. 33. "Together, the language of these sections reveals that Congress sought to free the debtor of his personal obligations while ensuring that no one else reaps a similar benefit." (Emphasis provided). Id.
However, in cases wherein a tort claimant attempts to proceed against a discharged debtor solely for the purpose of recovering against the debtor's insurer, many courts "have relied on 524(a) and 524(e) and the fresh start policy in concluding that the discharge injunction does not bar such a suit." (Citations omitted). Id. As indicated above, the purpose of section 524 of the Bankruptcy Code "is to protect the debtor and not to shield third parties such as insurers who may be liable on behalf of the debtor." In re Jet Florida Systems, Inc., 883 F.2d 970, 975 (11th Cir. 1989). Therefore, an insurer is not "`prejudiced' under section 524 when the permanent injunction is modified to permit a pending action to continue for the purpose of seeking recovery from the debtor's insurer, because the insurer's obligation remains commensurate with the underlying insurance contract." Id., 975. The "`fresh start' policy is not intended to provide a method by which an insurer CT Page 9322 can escape its obligations based simply on the financial misfortunes of the insured." Id.
Accordingly, section 524(a) prohibits plaintiffs from proceeding against defendant, a discharged debtor, to recover from the bankruptcy estate. However, section 524(e) does permit plaintiffs to proceed against defendant merely to establish liability as a precursor to recovering from defendant's insurer. Therefore, the defendant's motion for summary judgment should be denied on the ground that he is not entitled to judgment as a matter of law.
Additionally, this action also contains genuine issues of material fact. For example, there is a factual question as to whether defendant's insurance company has received notice of the instant action, as well as a factual question concerning the nature of the contractual obligations the company bears in relation to this litigation. "[P]roceeding against the insured only to determine its liability is only allowed when the bankrupt-defendant has virtually nonexistent potential liability for the outstanding debt." Wilson v. Allegheny International, Inc., 134 B.R. 282, 285 (N.D. Ill. 1991) (citing In re Fernstrom Storage and Van Co., 938 F.2d 731 (7th Cir. 1991). Depending upon the insurer's contractual obligations, it may be in its direct interest to defend the action, and, in fact, "the practical and economic realities" may compel the insurer to defend this action. In re Jet Florida Systems, Inc., supra, 976. Therefore, absent notice and the opportunity to defend, the insurer may be severely prejudiced. (It is also noted that if the insurance company has not yet received notice of this action, a procedural question arises as to the appropriate vehicle to be employed in bringing the insurer into the action. See, General Statutes 52-107 (additional parties summoned in by the court); General Statutes 52-102 (joinder of persons with interests adverse to plaintiff and of necessary persons)). Accordingly, the defendant's motion for summary judgment is denied on the ground that there are genuine issues of material fact in this case.[1]
KATZ, JUDGE.